SAMUEL A. MOULTON *versus* WILLIAM BLAISDELL.

As the law was in 1837, the improved land of non-resident owners living within the State, could not be legally sold for the payment of taxes thereon, without giving the owner notice in writing two months before advertising the same for sale.

Where land of a non-resident owner living within the State, part thereof being improved and the other part unimproved, is taxed as one estate, and sold at auction for the payment of such taxes for one integral sum at one bid, the sale must be valid for the whole, or the title entirely fails.

In order that a collector's sale of land of non-resident owners for the payment of taxes thereon, for the year 1837, should be legal, the collector in his proceedings should have conformed to the law applicable to the real estate as it in fact existed ; and if the assessors inserted it upon their lists of assessments as essentially different from what in truth it was, and a sale was made conforming to the law applicable to the estate as so represented, but inapplicable as it really was, the sale is invalid.

WRIT of entry, demanding a tract of land in Hermon, in this county, with a dwellinghouse and barn standing thereon. At the trial, before WHITMAN C. J. the demandant proved a title in himself, prior to April 25, 1838, and was to have judgment, unless the title under a collector's sale for the payment of taxes thereon for 1837, made on April 25, 1838, under which the tenant claimed, should prove valid and legal.

All the material facts, found in the report of the case, are given in the opinion of the Court.

Such judgment was to be entered, upon nonsuit or default, as should appear to the Court to be in conformity to law.

*A. W. Paine*, for the demandant, contended that no title was acquired by the tenant or his grantor by the collector's sale, because the tax was illegally assessed, and also because the collector had not proceeded according to law in making the sale. He cited Stat. 1821, c. 116, § 1, 30, 31 ; Tax act of 1835, § 2, 4 ; *Lunt* v. *Wormell*, 19 Maine R. 100 ; *Foxcroft* v. *Nevens*, 4 Greenl. 72 ; *Abbott* v. *Hermon*, 7 Greenl. 118 ; Stat. 1826, c. 337, § 8.

*J. Godfrey*, for the tenant, contended that the taxes were legally assessed, and that the collector had proceeded legally ; and moreover, that however this may have been, the collector

had proceeded strictly in conformity with the provisions of the Stat. 1831, c. 501, and that therefore the sale was valid, and the title acquired thereby good.

The opinion of the Court was prepared by

TENNEY J. — The tax act of 1835, which was the last tax act before the assessment of the taxes by virtue of which the land in controversy was sold, § 4, provides that there shall be inserted in the lists of assessment the number of acres of unimproved land, which the assessors may have taxed on each non-resident proprietor of lands, and the value, at which they may have estimated the same. By the statute of 1821, c. 116, § 30, "where no person appears to discharge the taxes on the unimproved lands of non-resident proprietors, or improved lands of proprietors living out of the limits of this State, to the collector thereof, he shall advertise in the mode therein prescribed, and if no person shall appear thereupon to discharge the said taxes and all necessary intervening charges, he shall proceed to sell so much only of said lands, as shall be sufficient to discharge said taxes and the necessary intervening charges." Previous to such sale, the collector is not required to give to the owner of the lands any notice in writing of the intended sale, if the taxes are unpaid. In section 31 of the same chapter, a notice in writing must be given to the owner two months before a sale of improved lands, where the owner lives in the State, but not in the town where the lands are situated; and in other respects, the officer, who may have the taxes committed to him to collect, shall observe the requirements mentioned in the preceding section, before a sale can be made.

The case finds the facts upon which the Court are to decide the questions before them; and it appears, that the owners of the land in controversy, lived in Bangor from 1835 to 1838; the land taxed was in part improved, having a dwellinghouse upon it, and in part unimproved, the whole being taxed and sold as one estate altogether. There was no proof that any notice in writing was given to the owners, or either of them,

before the sale, which was necessary before the *improved land* could be legally sold; the whole, both improved and unimproved, being sold at auction for one integral sum, upon one bid, the sale cannot be good in part and bad in part; but if not valid for the whole, the title entirely fails. *Hayden* v. *Foster*, 13 Pick. 492.

But the counsel for the tenant invokes the statute of 1831, c. 501, § 2, and contends that the evidence thereby made conclusive, is plenary in this case. The first section of that statute refers to real estate, which shall be sold by any collector of taxes by virtue of the acts, to which that is additional; and section 2nd provides, that "in any trial in law or equity involving the validity of such sale, it shall be sufficient for the party claiming under such sale, to produce in evidence certain documents mentioned, and to prove that such collector complied with the requirements of law in selling such real estate; and such evidence shall be deemed and taken to be conclusive evidence of the purchaser's title to such real estate, as against the owner or owners of such real estate and his or their heirs or assigns."

This statute is additional to those previously enacted on the same subject, and the latter are in force, excepting so far as the provisions therein are inconsistent with subsequent enactments. If land sold for the taxes assessed thereon was not subject to taxation at all, or was assessed in a manner not contemplated by the statute, the tax would be illegal, and would be no basis on which any supposed title derived from a sale could rest, however perfectly the collector may have pursued the steps of the law, in advertising and selling the land, such as it appears to have been, upon the bills and the list of assessments. The language of the statute is clear and unequivocal, that such evidence is conclusive, when the collector has complied with the law, *in selling such real estate.* The collector must conform to the law applicable to the real estate, as it in fact exists; if the assessors have inserted it upon their lists of assessments, as essentially different real estate, from that which in truth it is, and a sale is made conforming to the law

applicable to the estate as represented, but inapplicable to it, as it should be inserted, the sale is invalid. The sale of the land in question was not made in the manner required by law, and a default must be entered.