MILLENTON BLALOCK *v.* WAIR J. GADDIS et al.

TAX SALE.—It is essential to the validity of a sale of land for taxes, under the Revenue Act of 1841, that the advertisement of the tax-collector should state the time and place of the sale.

APPEAL from the Chancery Court of Newton county. Hon. John Watts, judge.

*T. J.* and *F. A. R. Wharton*, for appellant.

*S. Evans* and *E. Rush Buckner*, for appellees.

FISHER, J., delivered the opinion of the court.

This is an appeal from a decree of the Chancery Court of Newton county, sustaining a demurrer to the complainant's bill of complaint.

The bill alleges, that the complainant is the owner of certain lands described in the bill; that he purchased the same at a sale, made by the tax-collector of Newton county, on the 11th of December, 1842; and the deed executed by the tax-collector is made an exhibit to the bill; that said lands were the property of one John F. Scott, and had been classified and assessed according to the provisions of the Act of the 6th of February, 1841.

That the classification and assessment of said lands were legally returned into the proper office, by the land commissioner, as the property of the said Scott; but that said classification has been dis-

figured and mutilated by time, and the carelessness of those who have had the custody of the same; that although copies of said classification and assessment were made out, and one given to the tax-collector, and the other sent to the auditor of public accounts, such copies have also been mutilated; that all the prerequisites of said sale were complied with, according to the above-named act of the legislature; that he was at one time in possession of the land, and that his tenant had been dispossessed by the defendant, who claims the land in virtue of a purchase made from the defendant, Scott; and finally, that the title thus asserted forms a cloud upon the complainant's title.

The complainant shows no other ground for relief, than the mutilation of the classification and assessment under the Act of 1841. It is not, however, material even to decide this point, as it is manifest that the deed, which is made an exhibit to the bill, and which is the only evidence of title produced, shows no title in the complainant to the land in question. The advertisement which is appended to the deed, under the fortieth section of the Act of 1841, is entirely silent as to the time and place of the sale, and in other respects fails to comply with the provisions of the thirty-seventh section of the Act under which the sale was made. Under the law, as it existed at the date of the purchase by the complainant, a legal assessment of the land by the proper officer, a failure to pay the taxes assessed, and a sale made in conformity to the law, were all necessary and indispensable acts, to constitute a valid sale. The advertisement was intended for a double purpose, that of giving notice to the owner of the land, if a non-resident, and of informing the public of the time and place of sale. This advertisement is silent as to the time and place of the sale. We, therefore, see no error in the decree of the court below.

Decree affirmed.