JOHN OLSON v. JOSEPH A. PHILLIPS and Others.[1]

June 26, 1900.

Nos. 12,191—(183).

| | |
|---|---|
| 80 | 339 |
| 85 | 347 |

Notice of Tax Sale—Posting.

> Failure to post notice of tax-judgment sale under G. S. 1894, § 1591, in the office of the county treasurer, as required by said statute, is fatal to the validity of the sale.

Appeal by defendant Anderson from a judgment of the district court for St. Louis county in favor of plaintiff, entered pursuant to the findings of Moer, J. Reversed.

*David M. DeVore*, for appellant.

*John Olson*, respondent, in pro. per.

BROWN, J.

Action to determine adverse claims to real property. Plaintiff had judgment in the court below, and defendant appeals. Plaintiff's claim of ownership to the land is founded solely upon a tax title, and the validity of such title is the only question in the case. It is assailed by defendant on two grounds: (1) That the description of the property as contained in the tax deed is defective and insufficient; and (2) that no notice of the tax-judgment sale on which the tax deed is founded was posted as required by statute. We will consider only the second point. It is fatal to plaintiff's title, and the question as to the description contained in the tax deed need not be determined.

The tax sale on which plaintiff's title is based was made in May, 1892, under and pursuant to G. S. 1894, § 1591. This statute requires notice of sale thereunder to be posted in the office of the county treasurer. The statute is mandatory, and, if it be not strict-

---

[1] Reported in 83 N. W. 189.

ly complied with, a sale made thereunder is void and of no force or effect. Cooley, Taxn. 363, 364, 482, et seq., and cases cited. The evidence in this case shows conclusively that no notice of sale was posted in the office of the county treasurer as required by the statute. The county auditor so testified, and we find nothing in the record to contradict him. It follows that the tax sale in question, the basis of plaintiff's title, was null and void (McNamara v. Fink, 71 Minn. 66, 73 N. W. 649), and plaintiff must fail in the action. It is true that the statutes make a tax deed prima facie evidence that all statutory requirements leading to its issuance have been complied with, but such deed is not conclusive evidence on that subject. It may always be shown aliunde the deed that some statutory provision essential to the validity of the deed was not complied with.

Judgment reversed.