## ADDITIONS BY BOARDS OF EQUALIZATION.

[Circuit Court of Lucas County.]

BIRCHARD A. HAYES v. JOSEPH L. YOST, TREASURER OF LUCAS CO.

Decided, January Term, 1902.

*Taxes—Duties of Boards of Equalization—What the Record Must Show Where Additions are Made to Tax Returns—Personal Notice to Owner of Property Required.*

1. The provisions of Section 2807, relating to the equalizing of assessments and making of additions to tax lists, is mandatory and must be strictly complied with. 4 C. C., 502, followed.
2. Where additions are made, the facts relating to each separate item, which have been established by satisfactory evidence, should be entered upon the record with sufficient fullness and clearness to show whether or not the addition made by the board was justified.
3. The notice required under Section 2807 must be served upon the property owner personally and proof made to that effect.

HAYNES, J.; PARKER, J., concurs.

Heard on error.

In this case a petition in error was filed for the purpose òf reversing the judgment of the court of common pleas. The original action was brought by Yost, treasurer, against Hayes, setting up that there was assessed against him certain personal taxes for certain years, to-wit, the years 1895, 1896, 1897 and 1898, and in certain amounts, and praying for a judgment aggregating $257.93. To this an answer was filed, setting up the fact that these taxes for these respective years were made up in part of certain penalties—and he proceeds to state that he made returns for these years of his personal taxes under Sections 7, 8, 9, and made oath to them, and delivered them to the assessor. He states that these returns made by him were just, correct and true, and states the amount of the valuations that the return showed for each year respectively; and he says that the board of equalization for these years subsequently increased the valuation of the property without any evidence before them, without any proof that the original return that the defendant made was not correct, or that the defendant had any personal property,

moneys or credit which were not included in said returns for taxation, and that said additions, and each of them, were made by said board without any statement of facts entered on the journal, upon which the additions were based or authorized. He makes further allegations as to the penalty on these returns, because they were incorrect and unjust. He further says that he had no knowledge of said several additions, or either of them, until long after the final adjournment of said board in each of said years respectively. He asserts that he tendered to the plaintiff before the commencement of this action the sum of $173.12 in payment of the claims set up in the petition. The case was tried in the court below upon an agreed statement of facts, or rather, I should say, that court was asked to separately state the facts and the conclusions of law, and the court found from the testimony as facts in this case as follows:

"First. The defendant was, during the whole of each of the

years 1895, 1896, 1897 and 1898, a resident of the seventh ward in the city of Toledo, county of Lucas and state of Ohio, and in the month of April in each of said years listed personal property for taxation and made return thereof *under oath* to the assessor of said ward; that the total valuation of said personal property, as returned by said defendant, was, in 1894, $1,930; in 1895, $1,450; in 1896, $1,440; in 1897, $1,140; in 1898, $1,310, and that in each of said years said personal property was returned upon the following items and no others, as appeared on said returns and in Section 2737, Revised Statutes of Ohio, to-wit, the sixth (including bicycles), the seventh, the eighth and the ninth.

"Second. That in each of the years 1895, 1896, 1897 and 1898, the said board of equalization caused to be deposited in the post office at Toledo, postage prepaid, a notice addressed to the defendant, at his residence, to appear before said board and show cause why his return of personal property should not be increased.

"Third. That the defendant, because of temporary absence from Toledo, received each of said respective notices, so mailed in each of said years, after the said board had adjourned *sine die* for the year; but no other notice was ever given by the said board or received by said defendant.

"Fourth. That in the year 1895, said board of equalization added to the return so made by the defendant the sum of $520; and that the statement of facts entered on the journal of the

board, as to its reasons for such addition was as follows, and not otherwise.

"The board having been in session daily since May 27, 1895, and after hearing and investigating all complaints made to them, ordered the following changes to be made, viz.:

"Ward.        Name.          Increased Dollars.
"7th.        Hayes, B. A.          $520."

The findings and orders for the years 1896, 1897 and 1898 are set out fully hereinafter:

"Eighth. That the defendant never brought any action under Section 5848, Revised Statutes of Ohio, against the plaintiff or any of his predecessors in office.
"Ninth. That before this cause was commenced, the defendant tendered to the plaintiff the sum of $173.12 in full payment of the claim set up in the petition, but that the plaintiff refused to receive the same."

The court finds as conclusions of law:

"First. That the respective statements of fact entered on the journal of said board of equalization were in full compliance with the statutes.
"Second. That the respective notices mailed to the defendant were each in full compliance with the statute.
"The court therefore finds that there is now legally due the plaintiff, Joseph L. Yost, the treasurer of Lucas county, Ohio, for the years 1895, 1896, 1897 and 1898 for personal taxes from the defendant the sum of $233.68, with interest at six per cent. from the date of this decree.
"The court further orders said defendant to pay said sum to said treasurer within ten days from date and upon failure thereof that execution may issue according to law."

We are unable to agree with the court of common pleas in his findings in that respect. We find a case that has been decided by the Supreme Court of Ohio, *Fratz* v. *Mueller*, 35 Ohio St., 397, the first syllabus of which is as follows:

"The board of equalization added to a sworn return of personal property for taxation, which included the monthly average value of goods and merchandise during the preceding year, an additional valuation to such monthly average, and entered upon its journal a statement, as the reason for such increase, that in view of the facts, the return was insufficient and below the actual value of the property. *Held:* That this was a suffi-

cient compliance with the statute which requires a statement of the facts to be entered upon the journal of the board.''

It will be noticed in regard to the return in that action, that the plaintiff was a merchant and he made returns upon the list that was furnished to him, and that the list in regard to merchandise requires that he should give the average monthly value of goods, and that was the only question that was before the board of equalization so far as appears by the record; and the only question that was before the Supreme Court in the decision made by it, and the statement of facts entered upon the journal in that case, as was already stated, was as follows, page 398:

''On motion, the amount set opposite the names of the following persons was added to their personal returns for the reason that the amount returned by the parties respectively was, in view of the facts, considered insufficient and below the actual value of the property owned or held by the parties:

''Ward 19, John M. Mueller, 425 Front street, Item 10, $1,000.''

Now the board had a single question before it, and that was the average value of property under Item 10, and the board held that· the return was insufficient and *below the actual monthly average* of the property held by said Mueller.

Well, that was the ultimate fact proved in that particular case, the only fact. There was no question in regard to the other items. The board was not required to set out the evidence, but the ultimate fact; and the ultimate fact found was that the value was too low. Under Item 10 the merchant was required to return the average of all goods, etc. The board found that the actual monthly value was too low. It was said by the Circuit Court of Hamilton County in an opinion that the Supreme Court had gone to the utmost verge of the statute in that particular case. However that may be, tested by the rule as to the finding of facts, the entries made by the board on the journal of statement of facts in all except the last of these cases is wholly insufficient.

Now in the above statement for 1895 the board say they heard and investigated complaints made to them and ordered changes to be made; no finding of facts whatever are stated. The change

seems to have been entirely arbitrary upon the part of the board.

In the next year the finding is:

"On July 25 the board commenced to hear the statements of all parties interested appearing before the board and taking into consideration other testimony produced, ordered the following changes to be made in the returns made by the assessors of the different wards and by incorporated companies to the county auditor."

There is no finding of any fact, either in that year or the following, as to the items under either of these respective heads that he was ordered to and attempted to make return upon.

"In the year 1897 said board of equalization added to the return so made by the defendant the sum of $400, and the statement of facts entered on the journal of the board, as its reasons for such addition, was as follows, and not otherwise: '*Resolved,* That in view of said statement and upon other evidence satisfactory to this board, the following changes are hereby ordered made in the returns made by the assessors of the different wards of the city of Toledo of the personal property of the parties named below as set opposite their respective names.'

"In 1896 said board of equalization added to the return so made by the defendant the sum of $530, and the statement of facts entered on the journal of the board, as its reasons for such addition, was as follows, and not otherwise: 'On motion the amount set opposite the names of the following persons was added to their personal returns, for the reason that the amount returned by the parties respectively was in view of the fact established by the evidence presented to this board in regular session considered insufficient and below the actual value of the property owned or held by the parties.'"

Evidently they attempted to follow the last statement in the case decided in *Fratz* v. *Mueller, supra,* the only difference in the two cases being, in the one there was a single item; in the other they made an addition to four different items, not to the items themselves, but to the aggregate amount of all the items. They did not find, for instance, that the return of the one item was too low, or the second item or the third or the fourth, or that there were any articles of property or items omitted; they only took the aggregate of the items and added to it a certain sum. The criticism made by counsel for plaintiff is that the

parties should have stated whether the amount of the finding was on account of the low valuation or upon failure to return, certain items that should have been returned under the statute, so that the party would have knowledge of the basis on which the board acted.

Now there is a reason in this thing. There is some sound sense in it. The party is required by the statute to make return under oath or affirmation that when he makes that return, he has made it correctly; the county auditor is to place that amount on the tax duplicate and the party is to pay his taxes upon it. A board of revision is appointed—the board of revision attempts to add to his returns on the ground that they are incorrect in some form; they attempt to impose upon him additional burdens, which, in many cases, require a greater amount of taxes to be paid; in others, a less amount. We suppose the object and purpose of making the statement against whom changes are made is to enable parties to have an opportunity to rectify the change by such method as the law permits him to have and exercise for the correction of matters of that kind, by injunction or error or any other manner of defense in a case of that kind. He being absent when the findings are made and when the questionable matters were added, if the board undertake to make changes, it would seem just and right and proper that they should state the facts under which they act, so that the party may challenge their action if he desires to do so.

In Cooley Taxation (1st Ed.), 256, the matter is discussed:

"That is as to the right of a party to a hearing, the justice and equity of it is set forth there. The statute requires that the party shall have reasonable notice so that he may be present. It really amounts to a trial, and the issue is whether the party has returned his property for the full amount; it ought to have some semblance of form and action that is required in an ordinary court of justice that rules against a man, for this really amounts to a judgment that he shall pay additional taxes."

It is barely possible that the last statement of facts may be within the decision of the Supreme Court; we are, however, rather inclined against that view; we think the board should have set forth the facts, whether the value was too low on any one of the four items, or whether the party had omitted from

those items any particular article or thing that ought to have been returned.

This matter has been up more than once in the Circuit Court of Hamilton County, and that court has apparently given the matter a great deal of attention and have made several decisions. I cite one decision, *Ratterman* v. *Niehaus,* 4 C. C., 502; there are half a dozen cases consolidated. The syllabus is:

"1. Section 2807, Revised Statutes, governing the equalizing of assessments, which provides that 'when any addition shall be ordered to be made to any list returned under oath, a statement of the facts on which such addition was made shall be entered on the journal of the board' is mandatory and must be strictly complied with.

"2. It is not sufficient merely to state that an addition was made; the facts which have been proved to them by satisfactory evidence and upon which the addition was made should be stated clearly, so that the officer or court before whom may come the reviewing of the acts of the board of equalization, shall be able, on inspection of the record, to see whether the facts therein stated are such as to justify the action of the board."

There is quite a long decision upon the question and citation of authorities in regard to what constitutes a finding of facts under the decisions of the Supreme Court of this state. In the above case the judgment of the circuit court was affirmed by the Supreme Court. It was a judgment for the enjoining of the collection of the additional taxes.

Now in regard to the question of notice. These additions were made, as we understand, under Section 2807, Revised Statutes. There are several statutes in regard to equalizing boards in different cities, and the provisions in regard to some matters in each are the same. I speak of this because I see there is a citation from a Cincinnati case which was under another statute in regard to an increased amount on real estate.

Section 2807, Revised Statutes, is as follows:

"The said boards shall hear complaints and equalize the assessments of all personal property, moneys and credits, new entries and new structures returned for the current year by the township assessors and county auditors; and they shall have power to add to or deduct from the valuation of personal property, or moneys or credits, of any person returned by the assessor or county auditor, or which may have been omitted by them, or to add other items upon such evidence as shall be sit-

isfactory to the said boards, whether said return be made upon oath of each person or upon the valuation of the assessor or county auditor, but when any addition shall be ordered to be made to any list returned under oath, a statement of facts upon which such addition was made shall be entered upon the journal of the boards. Provided, that no such addition shall be made to such list returned under oath without the board having first given reasonable notice to the person or persons (if their residence be within the county) whose personal property is sought to be added to or the valuation thereof increased, to appear before said board at a time and place to be fixed by said board, and show cause why such addition should not be made, or why such valuation should not be increased.''

It will be noticed that notice is to be given those who make returns under oath who are residents of the county. Now it appears by the agreed statement of facts in the case that the written notice was deposited in the post office at some time, it is not stated when, directed to Mr. Hayes at his residence; that he was temporarily absent from the city, so he did not receive it, in each year, until after the board had adjourned. How long a time before adjournment that notice was put in the post office is not stated, nor perhaps is it very material; sufficient to know that by the ordinary course of business the letter reached his house, but did not reach him until after the board had adjourned —until after his rights in the matters were foreclosed, so far as the board was concerned.

Now the question is as to the character of the service that is to be had on this notice. The statute provides that the party shall be given reasonable notice. He is to have a notice that is reasonable, notice as to the time and place so he may have an opportunity to appear. Notice is to be given to him. The court below found that a notice put in the post office directed to him was sufficient. We are unable to agree with the court in that respect, because we find decisions of the Supreme Court of this state and other courts that lead us to an opposite conclusion. And because, in reason, if he is to have notice, it should be given to him in person, served upon him, so that the board, before it acts, may know that he has received it and that it has jurisdiction over him.

In the case of *Moore* v. *Given*, 39 Ohio St., 661, the second syllabus says:

"Where a statute requires notice of a proceeding, but is silent concerning its form and manner of service, actual notice will alone satisfy such requirements."

And again in the decision of the case it was laid down as a positive rule of law. Now that statute was in regard to a partition fence, and the obligation of the parties to build a portion, and in case of any disagreement, a notice was to be served upon the parties by the township trustees, perhaps the commissioners to apportion the work.

The Circuit Court of Hamilton County had this matter again before it under Section 2804, Revised Statutes, in regard to the action of the board of revision of real estate, but the language is the same in each. In the case of *Perkins* v. *Zumstein*, 4 C. C., 371, that court says:

"Section 2804, Revised Statutes, prohibiting the county and city boards of equalization from increasng the valuation of real estate, except on reasonable notice to all persons directly interested, and an opportunity for full hearing of the questions involved, is mandatory, and must be strictly complied with," and "where no other kind of notice is prescribed in the statute, it must be actual notice.

"Notice of intent to increase valuation served on one owner of an undivided interest in real estate will not bind any of the others."

Now the court says in announcing the opinion in that case:

"If the language of the statute were not sufficiently clear ·to show its mandatory character, there are abundant authorities so deciding. In Cooley on Taxation, page 287, it is laid down, 'so all provisions designed to give the tax-payer an opportunity of the review of the assessments themselves, or on an appeal, are exclusively in his interest. Every notice which the statute provides for that end, whether by publication or otherwise, must be given with scrupulous observance of all its requirements. The notice can not be shortened a single day without rendering it ineffectual; the presumption being that the law has made it as short as was deemed consistent with due protection. A published notice can not be received as the substitute for a notice to be personally delivered to the party concerned,' * * * and the same rule applies to any notice required by subsequent proceedings, and when a statute requires notice of a proceeding, but is silent concerning its form or manner of service, *actual notice* will alone satisfy such requirement." Citing cases as

follows: *Moore* v. *Given,* 39 Ohio St., 661; *Roche* v. *Dubuque,* 42 Ia., 250; *Lagroue* v. *Rains,* 48 Mo., 536; *Powers' Appeal, In re,* 29 Mich., 504; *Plumer* v. *Marathon Co. (Supvrs.),* 50 N. W. Rep., 416 (46 Wis., 163) ; *Rathbun* v. *Acker,* 18 Barb., 393; *St. Louis* v. *Goebel,* 32 Mo., 295.

Neither of these cases seem to have been taken to the Supreme Court; but the Legislature, probably acting on the decisions of that court in regard to the provisions of that statute in regard to real estate, passed an act soon after that, found in 69 O. L., 175, providing for the service of notices in cases of this kind: (1) by delivering a copy thereof to the person or persons interested in said real estate; or by leaving such copy at the usual place of residence or business of such person or persons; or if such place of residence or business shall not be found in the county; (2, by delivering such copy to the agent in charge of said real estate to collect the rents thereof; or, if no such agent shall be found in the county, (3) by publishing thereof, inserted in a newspaper one time etc.; and that court has held since that time that these should come in this succession, first, giving the notice by delivering a copy to the persons interested, or, if that can not be done, then the others in their order.

We have examined this matter very carefully and come to the conclusion we have, both upon authority, and we think upon principle, that the service of notice under this statute should be made to the party personally; that there is no provision of law or principle of law that we find authorizing the making of service by simply depositing a letter in the post office addressed to the party. Of course, if such letter was received by the party in time to obtain a hearing at the time stated in the notice and he appear, he would be bound by it. But it is incumbent upon the board itself to know that the paper has been received by the party and service has been made upon him in that respect. It should be served by a proper person or officer and proof made to that effect.

Holding these views, the judgment of the court of common pleas will be reversed, and this court proceeding to render the judgment that court should have rendered, judgment will be rendered for the amount only admitted to be due, and which had been tendered by the defendant.