CHARLES McCORD v. THOMAS C. SULLIVAN.[1]

January 31, 1902.

Nos. 12,816—(164).

**Notice of Tax Sale.**

. G. S. 1894, § 1591, requiring notice of tax sale to be given by the county auditor as therein directed, is mandatory, and must be strictly complied with. A proper posting and publication of such notice is an indispensable prerequisite to the authority of the auditor to make the sale, without which he has no jurisdiction to proceed.

**Taxes—Curative Acts.**

The legislature may cure irregularities in tax proceedings which do not go to the jurisdiction of the officers conducting the proceedings, or affect the substantial rights of the taxpayer. Irregularities and defects of this latter character are beyond the aid of curative legislation.

**Laws 1901, c. 105—Sales Prior to Act.**

Laws 1901, c. 105, attempting to validate tax sales made prior to its passage, where there was a failure to give the notice of sale as required by the general statutes,—such notice being jurisdictional and a condition precedent to the authority to make the sale,—is unconstitutional and void.

Action in the district court for Ramsey county to quiet title to land as against the adverse claim of defendant under a tax certificate. The case was tried before Bunn, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Reversed.

*Horton & Denegre*, for appellant.

*T. R. Kane*, County Attorney, *O. H. O'Neill* and *H. O. Hanft*, Assistant County Attorneys, for respondent.

BROWN, J.

This action was brought to quiet title to certain real property claimed to be owned by plaintiff. Defendant had judgment in the court below, and plaintiff appealed therefrom.

There is no controversy about the facts. It appears that, in

[1] Reported in 88 N. W. 989.

proceedings to enforce the payment of delinquent taxes for the year 1894 in Ramsey county, the property in question, which is situated therein, was struck off and sold at the tax sale to the National Investment Company. A certificate of sale was duly issued, and no redemption has ever been made therefrom. Defendant has succeeded to the rights of the investment company, and bases his defense and right to recover in the action upon the tax title thus acquired.

Plaintiff claims that the tax sale was wholly invalid, because of the failure of the county auditor to give the notice required by G. S. 1894, § 1591. This statute provides that on the first Monday in May of each year the county auditor shall sell all tracts of land against which judgment has been rendered for the taxes for the preceding year, but before making the sale the auditor is required to give notice thereof by posting the same at certain designated places, and by the publication thereof for two weeks in some newspaper published in the county; the first publication to be at least fifteen days before the date of the sale.

In the proceedings under consideration a notice was given pursuant to the statute by posting the same, and the publication thereof was attempted; but there was a failure to comply with the statute, in that the notice was not published the requisite number of days before the day of the sale. This is conceded by defendant, but it is contended by him that the failure in this respect was an irregularity which was cured and remedied by Laws 1901, c. 105. This contention presents the only question in the case. If the failure of compliance with the statute in respect to the notice of sale was cured by that act, defendant has title to the property, and the judgment appealed from should be affirmed. It is contended by plaintiff that the publication of the notice of sale was jurisdictional, and an indispensable prerequisite to the right of the auditor to make the sale, and that the legislature had no power to cure his failure and omission to comply with the statute.

Sales of property for taxes being involuntary as respects the will of the owner,—made in pursuance of statutory power,—the general rule is that all prerequisite and statutory conditions authorizing the sale must be strictly complied with. Such sales are

not aided by presumptions, except such as are created by statute, but depend entirely for their validity upon compliance with the statutes authorizing them; and the notice of sale is uniformly held by the courts as one of the most essential of the statutory prerequisites. Personal service of the notice is not required, the manner of giving it being usually by publication; and it is well settled that, where that is the mode designated by the legislature, the language of the statute authorizing it is mandatory, and strict compliance therewith is necessary. The notice is of an intended action on the part of the authorities, in pursuance of the law, which may eventuate in devesting the taxpayer of his property. It is intended for his benefit, and he may insist upon its being given strictly in accordance with the law requiring it. That the statute is mandatory, and in consequence jurisdictional, was held in Kipp v. Dawson, 31 Minn. 373, 382, 17 N. W. 961, 18 N. W. 96, in which the court said:

"The provisions, so far as time is concerned, which are designed for his [the taxpayer's] benefit and to prevent any unjust sacrifice of his property, are: First, the two-weeks' publication of the list and notice of application for judgment, so that he may have an opportunity to answer or object to the entry of judgment if he desires; and, second, the giving of the proper notice of sale at the time fixed by law, so as to secure a fair sale. These, therefore, are mandatory. What the taxpayer is interested in is not the exact date of the publication of the list, but that he may have the kind and length of notice provided by law—First, before judgment; and then, second, before sale."

As we understand it, this has always been the rule in this state. It was so held in Prindle v. Campbell, 9 Minn. 197 (212), where the court used the following language:

"The notice of sale required by the charter in this instance is a matter which materially affects the rights of parties. Without it, the law confers no power on the officer to sell the land for delinquent taxes, and the time prescribed by the statute is essential to its validity. If the officer may decrease the time of notice one week, he may decrease it any other length of time. We are of opinion, therefore, that the sales of land for taxes for 1858 and

1859, under which the plaintiff claims title, are fatally defective, and the conveyances to the plaintiff in pursuance of them are void." See also Sewell v. City of St. Paul, 20 Minn. 459 (511).

The rule was followed and applied in Olson v. Phillips, 80 Minn. 339, 83 N. W. 189, where it was held that the statute was mandatory, and, if not strictly complied with, the sale made thereunder is void and of no force and effect. The same doctrine is laid down in Cooley, Taxn. (2d Ed.) 482, and cases cited. It was said in Brown v. Veazie, 25 Me. 359, that, in order that a title acquired at a tax sale may be valid, great strictness is required with respect to a compliance with the statutory provisions authorizing the sale; in order to sustain such a title, the provisions of the law preparatory to and authorizing the sale must be punctiliously complied with. This case states the rule a little stronger, perhaps, than the general trend of authorities will sustain; for the rule does not apply or extend to all the incidental proceedings leading up to the sale, but only to such as affect in a substantial way the rights of the taxpayer. It applies with special force to the notice of such sale. Jaggard, Taxn. 442; Sutherland, St. Const. §§ 454, 455; Moulton v. Blaisdell, 24 Me. 283; Alexander v. Pitts, 7 Cush. 503; Blalock v. Gaddis, 33 Miss. 452; State v. Mayor, 36 N. J. L. 288.

It must follow from these authorities, both of our own and other courts, therefore, that a proper notice of sale in tax proceedings is jurisdictional, and an indispensable prerequisite to the right to make the sale.

This brings us to the question of the validity of Laws 1901, c. 105. Statutes of this character have been before the courts many times, and the subject as to their validity is fully discussed in Cooley, Const. Lim. (5th Ed.) 458. It is there laid down as a general rule that

"If the thing wanting, or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the legislature might have dispensed with by prior statute, then it is not beyond the power of the legislature to dispense with it by subsequent statute."

This, however, does not authorize the passage of healing statutes

curing jurisdictional defects whereby vested rights may be taken away. The legislature might, it is true, have provided a notice different from that required by section 1591, supra; but from that it does not follow that a failure of compliance with such a statute may be cured by subsequent legislation. A partial compliance with the statute as to jurisdictional matters is wholly ineffectual for any purpose, and the proceedings in this case as to the sale stand as though no attempt had been made to sell the property pursuant to the tax judgment at all. As said in the case of Kipp v. Dawson, supra, the taxpayer is interested in and entitled to have the kind and length of notice provided by law—First, the notice before judgment; and then, second, the notice before sale. He has the right to rely upon the notice being given, to insist upon a strict compliance with the statute, and may invoke a failure in that respect to defeat a title arising in virtue of such proceedings.

It is true that the legislature may cure irregularities and defects in tax proceedings, but that irregularities and defects which go to the jurisdiction of the officers to act, and affect the substantial rights of the property owner, cannot be cured by subsequent legislation, is thoroughly settled by authorities. Cooley, Taxn. (2d Ed.) 302. As said in Black, Tax Titles, § 484:

"Defects in those [tax] proceedings, or the omission altogether of proceedings which might have been originally dispensed with, may be cured; but if the defect is jurisdictional (that is to say if it goes to the root of the authority to act; if it involves the omission of a step which the legislature could not have dispensed with), * * * then it is beyond the reach of a curative statute."

Under our own decisions, no title or estate vested in the purchaser at the tax sale in question, because of the failure to give the necessary notice. The effect of the act of the legislature, if sustained, will be to infuse life and validity into that which without its aid is wholly void. This the legislature has not the constitutional power to do. State v. Mayor, supra; Dever v. Cornwell (N. D.) 86 N. W. 227; Forster v. Forster, 129 Mass. 559; Lowry v. Mayo, 41 Minn. 388, 43 N. W. 78. Curative statutes intended to heal and correct defects and omissions with respect to contracts between individuals, and to effectuate the intention of the parties,

are sustained upon entirely different principles.   Wistar v. Foster, 46 Minn. 484, 49 N. W. 247.

That the failure to give the required notice of sale in this case was a jurisdictional defect in the tax proceedings, and one affecting the substantial rights of the taxpayer, is, in our judgment, in. view of the prior decisions of this court and the authorities generally, not open to serious debate.   And it being conceded that the statutes were not complied with, the sale by the auditor under which defendant claims title was wholly invalid.

The court below should have ordered judgment for the plaintiff, there being no controversy as to the facts; and the judgment appealed from is reversed, and the cause remanded to the court below, with directions to do so.   Judgment reversed.