### FERGUSON *v.* KABOTH.

[73 Pac. 200, 74 Pac. 466.]

PRIORITY BETWEEN MORTGAGE AND TAX LIENS.

1. While Section 2821, Hill's Ann. Laws, was in force, the lien of a mortgage, and the right of a purchaser under it, was superior to all rights acquired under a tax assessed and levied on the property subsequent to the execution of the mortgage.

CONSTRUCTION OF STATUTE—LIABILITY OF GRANTEE FOR TAXES.

2. Section 2846 of Hill's Ann. Laws, providing that as between the grantor and grantee of land, when there is no express agreement as to which shall pay taxes assessed before the conveyance, if the land is conveyed at the time of or prior to the date of the warrant authorizing the collection of such taxes the grantee shall pay the same, and if conveyed after that date the grantor shall pay them, does not impose a duty on the grantee of land to pay taxes assessed thereon at the time of his purchase but not yet payable. It was designed to give the grantor of land conveyed between the time of the assessment of taxes and the date of the warrant for their collection a right to recover from his grantee the amount of such taxes, if the former was obliged to pay them, in the absence of an express agreement.

EFFECT OF ACT CURING DEFECTIVE TAX PROCEEDINGS.*

3. Section 5 of the act of 1901, relating to the purchase and sale by county judges and school clerks of land sold for taxes (B. & C. Comp. § 3135), does not make valid void tax proceedings, for no legislature can validate a void proceeding, though it may retrospectively cure irregularities or imperfections not vital. For example, where a sale for unpaid taxes is entirely void and of no effect, a subsequent act purporting to declare a deed by the purchaser at such sale conclusive

*NOTE.—See authorities collected in note in 4 Am. St. Rep. 187-189, Power of Legislature to Make Tax Deeds *Prima Facie* or Conclusive Evidence; in note in 36 Am. St. Rep. 686, Validity of Statutes Creating Conclusive Presumptions; and in 2 L. R. A. 773.—REPORTER.

as to the validity of the tax proceedings is ineffectual to accomplish its purpose, as it is an attempt to transfer by legislative act the title of the original holder to the vendee of the tax-sale purchaser, and that no legislature can do.

TENDER OF TAXES BY CLAIMANT AGAINST TAX PURCHASER.†

4. Under Sections 3128 and 3135, B. & C. Comp., requiring one seeking to quiet his title against a tax deed to first pay into court the amount of taxes and costs for which the premises were sold at the tax sale, together with certain other sums, does not apply to a case where the tax sale is void because of a wrong assessment, for in such a case the plaintiff is claiming by a title paramount to and unaffected by the tax proceeding, and cannot be considered as seeking to quiet his title against such sale.

From Clatsop: THOMAS A. McBRIDE, Judge.

Suit by J. E. Ferguson and C. L. Houston against George Kaboth to quiet the title to a lot in the City of Astoria. Defendant claimed under a deed from Clatsop County, which had bought the property for the unpaid taxes of 1898. Decree for plaintiffs and defendant appeals. The original opinion was written by Mr. Justice BEAN, and the opinion on the motion for a rehearing by Mr. Justice WOLVERTON.        AFFIRMED.

For appellant there was an oral argument by *Mr. G. C. Fulton,* with a brief over the name of *Fulton Bros.,* urging these points:

I. As to the effect of the curative part of section 5 of the act of 1901 (Laws 1901, pp. 71, 73, B. & C. Comp. § 3135), the legislature may validate retrospectively any proceedings which it may have authorized in advance; and it is immaterial that such legislation may operate to divest an individual of a right of action existing in his favor, or subject him to a liability which did not exist originally. In a large class of cases this is the paramount object of such legislation. The only question to consider is, could the legislature have done away with the act sought to be cured? If so, then the right to cure such proceedings is unquestioned: *Mitchell* v. *Campbell,* 19 Or. 198 (24 Pac. 455); *Moore* v. *Byrd,* 118 N. C. 688 (23 S. E. 968); *In re Douglass,*

† NOTE.—On this point see, also, *Jory* v. *Palace Dry Goods Co.* 30 Or. 196, and *Title Trust Co.* v. *Aylsworth,* 40 Or. 20.— REPORTER.

41 La. Ann. 765 (6 South. 675); *In re Lake,* 40 La. Ann. 142 (3 South. 479); *Tiblier* v. *Land Trust Co.* 49 La. Ann. 1471 (22 South. 411, 413); *Parker* v. *City of Jacksonville,* 37 Fla. 342 (20 South. 538); *Strode* v. *Washer,* 17 Or. 50–53 (16 Pac. 926); *Thomas* v. *Portland,* 40 Or. 50 (66 Pac. 439); Cooley, Tax'n, p. 229; Cooley, Const. Lim. p. 371; Black, Tax Titles, §§ 452, 482–484, *et seq.*; 3 Am. & Eng. Ency. Law (1 ed.), p. 760.

II. The deed under which defendant claims title is made by law conclusive evidence of the regularity and existence of all proceedings necessary to pass title to the lands therein conveyed, and of title in the grantee, except as against: (1) Invalidity of the assessment within the rules prescribed, or actual fraud in the assessment or collection of the tax; or (2) payment of the tax before sale, or redemption after sale, or that payment was prevented by fraud of the purchaser ; or (3) that the property was sold for a tax for which neither the property nor the owner thereof was liable at the time of the assessment, and that no part of the tax was assessed or levied upon the property sold: B. & C. Comp. § 3135. These provisions were drawn on exact lines with the decision of the Supreme Court of the United States in the case of *De Trevelle* v. *Smalls,* 98 U. S. 517. See, also, 25 Am. & Eng. Ency. Law (1 ed.), p. 695, *et seq.; Gwynne* v. *Neiswanger,* 18 Ohio, 400; *Allen* v. *Armstrong,* 16 Iowa, 508: *McCready* v. *Sexton,* 29 Iowa, 356 (4 Am. Rep. 214); *Thomas* v. *Portland,* 40 Or. 50 (66 Pac. 439).

III. The act of February 23, 1901, further provides that in any suit brought to set aside any tax sale, or quiet title against such tax sale, the person claiming to be the owner against the tax purchaser must tender and pay into court with his first pleading, the amount of the tax, etc., for which the land was sold : B. &. C. Comp. § 3135. The plaintiffs made no tender, nor have they offered to make any such payment. Courts hold this provision valid and binding:

*People* v. *Turner*, 117 N. Y. 227 (22 N. E. 1022, 15 Am. St. Rep. 498).

IV.  The act of February 23, 1901, also provides that all lands theretofore sold for taxes, could be redeemed at any time on or before the first day of July, 1901, but thereafter deeds should be issued with the conclusiveness above mentioned.  The courts hold these laws valid and binding, as statutes of limitation : *Jenkins* v. *McTigue*, 22 Fed. 148 ; *Baldwin* v. *Ely*, 66 Wis. 171 (28 N. W. 392); *Lombard* v. *White*, 76 Wis. 445 (45 N. W. 420); *Ensign* v. *Barse*, 107 N. Y. 329 (14 N. E. 400); *Gwynne* v. *Neiswanger*, 18 Ohio, 400 ; *People* v. *Turner*, 117 N. Y. 227 (15 Am. St. Rep. 498, 22 N. E. 1022).

For respondents there was an oral argument by *Mr. John M. Gearin*, with a brief over the names of *C. H. Page* and *Dolph, Simon, Mallory & Gearin*, urging these points :

1.  If at the time of sale a tax deed was only *prima facie* evidence, a change making the proceedings and deed conclusive is retroactive, impairs the contract, is an attempt to destroy vested rights, and is void : *Teralto L. & W. Co.* v. *Shaffer*, 116 Cal. 518 (58 Am. St. Rep. 194, 48 Pac. 613); *Maguiar* v. *Henry*, 84 Ky. 1 (4 Am. St. Rep. 182, note, p. 187).

2.  The legislature cannot deprive one of a vested right to an existing defense.  The true rule seems to be that the legislature may make a tax deed conclusive evidence of the regularity of the prior proceedings as to all non-essentials or matters of routine which rest in mere expediency, but the owner of the property cannot be precluded from showing the invalidity of the tax deed thereto by proving the omission of any act essential to the due assessment of the same,— the levy of a tax thereon and the sale thereof on that account.  As to the performance of these acts and the facts necessary to authorize them, the deed can be made only *prima facie* evidence : Cooley, Tax'n, p. 230; *Smith* v.

*Cleveland,* 17 Wis. 556; *Prindle* v. *Campbell,* 9 Minn. 212; *Marx* v. *Hanthorn,* 30 Fed. 57; *Larson* v. *Dickey,* 39 Neb. 463 (42 Am. St. Rep. 595, 58 N. W. 167); *Pryor* v. *Downing,* 50 Cal. 388 (19 Am. Rep. 656); *McCord* v. *Sullivan,* 85 Minn. 344 (88 N. W. 989, 89 Am. St. Rep. 560); *French* v. *Edwards,* 80 U. S. (13 Wall.) 506; *Warfield-Pratt & Co.* v. *Averill Grocery Co.* 93 N. W. 80.

3. No lien exists for taxes assessed on personal property or real estate, except where the same is so declared by positive law : *Jory* v. *Palace Dry Goods Co.* 30 Or. 196, 203 (46 Pac. 786); Desty, Tax'n, Vol. 2, p. 734; and the sale by Twilight on October 3, 1898, of the lot in question to plaintiff's grantor was authorized, and the same was clear of the tax in question, as it was not a lien, and was prior to the levy by the county of said tax on October 26, 1898: *Allen* v. *Perrine,* 103 Ky. 516 (41 L. R. A. 351, 45 S. W. 500, 5C2).

4. Under Section 504, Hill's Ann. Laws, under which this suit is brought, no tender is necessary. This section gives the plaintiff an independent right of suit, and the same has not been modified or amended, except as to possession by plaintiff, nor can there be any subrogation, as the answer of the defendant is silent as to his title, nor is there any lien for taxes or the purchase price. If there is no warrant or demand or affidavit as the foundation of the delinquent tax sale, the sale is void and plaintiff is not obliged to tender or return taxes paid : *Moores* v. *Clackamas County,* 40 Or. 536 (67 Pac. 662); *Hughes* v. *Linn County,* 37 Or. 111 (60 Pac. 843); Black, Tax Titles (2 ed.), § 436.

5. In the argument in the circuit court much stress was had as to the effect of Section 2846, Hill's Ann. Laws. This section is a rule of responsibility between seller and buyer, and has nothing to do with the county as to the mode or manner of collecting taxes.

6. Taxes in this state prior to 1901 were a charge against

the person only, proportioned upon the value of his property legally assessed, to be collected primarily from his or her personalty, and a sale by a tax debtor of personalty or realty, before levy, was not subject to the payment of the tax. If there was a valid tax unpaid the same was a personal obligation, it was not lost, and should and can be collected by the county at any time or from any of the property of Mary A. Twilight: Section 2817, Hill's Ann. Laws; *Jaffray* v. *Anderson*, 66 Iowa, 718 (24 N. W. 527); *Hughes* v. *Linn County*, 37 Or. 111 (60 Pac. 843); *Castle* v. *Anderson*, 69 Iowa, 428 (29 N. W. 400).

MR. JUSTICE BEAN delivered the opinion.

This is a suit to quiet title to real estate. From March 1 to October 3, 1898, Mary A. Twilight was the owner in fee simple and in possession of the property in controversy. On the 11th of April of that year a decree was rendered by the circuit court in favor of C. H. Page and against her, foreclosing a mortgage on the property, and ordering a sale thereof to satisfy such decree. In pursuance of an execution issued thereon the property was sold to Page by the sheriff May 23, the sale confirmed June 1, and the sheriff's deed delivered October 3, 1898. Page immediately went into possession, and afterward conveyed to the plaintiffs. Some time between the 1st of March and 26th of September the assessor listed the property for taxation to Mrs. Twilight, and on the 26th of October the county made the levy of taxes for the year 1898. The assessment roll, with the tax extended, or pretended to be extended, was delivered to the sheriff in February, 1899, and such proceedings were thereafter had that an attempted sale of the property was made to the county for alleged delinquent taxes for the year 1898. The defendant has succeeded to the interest of the county.

1. Several objections are made to the validity of the

defendant's title on account of alleged defects in the proceedings for the assessment and collection of the tax and the sale of the property, but it is unnecessary to consider them, because the case cannot be distinguished in principle from *Middleton* v. *Moore*, 43 Or. 357 (73 Pac. 16). That was a suit to foreclose a mortgage. The defendant set up title to the mortgaged premises under a tax deed, based upon an assessment and levy of taxes made subsequent to the execution of the mortgage. It was held that, under the statute in force in 1898 (being the one applicable to the case in hand), the mortgage took precedence over the tax deed, that the tax was not a lien upon the property, and that the purchaser at the tax sale acquired only the interest therein of the person in whose name it was listed on the assessment roll. Mrs. Twilight had no interest in the land in controversy, either at the time of the levy of the tax thereon or of the sale, and therefore, under the doctrine of the Middleton Case, the purchaser acquired none.

2. Some stress seems to be laid on Section 2846, Hill's Ann. Laws 1892, as indicating an intention to impose the duty of paying taxes upon the grantee of land who acquires the title thereto after the assessment, and before the date of the warrant authorizing the collection thereof. This section, however, was simply designed to define the respective rights of a grantee and grantor of land upon which taxes had been assessed, as between themselves. Under the statute, property was required to be listed to the taxpayer as of the 1st of March of each year: Laws 1893, p. 6. He became personally liable for the payment of the tax thereon, which might be enforced by seizure and sale of his personal property. Notwithstanding he might sell and convey real estate after the 1st of March, and before the date of the tax warrant, he could be compelled to pay the tax; but, if so, the statute gave him a

remedy over against his grantee, unless there was an express agreement between them on the subject.

3. Much reliance is placed upon the act of 1901 which attempts to cure defects in tax titles : Laws 1901, p. 71. But assuming the several provisions of the act relied on to be valid, it cannot aid the defendant in this suit. The legislature may cure, retrospectively, irregularities and imperfections in tax proceedings, but it cannot infuse life into an utterly void proceeding, or take the property of one person and transfer it to another : *Denny* v. *McCown*, 34 Or. 47 (54 Pac. 952); *Teralta Land Co.* v. *Shaffer*, 116 Cal. 518 (48 Pac. 613, 58 Am. St. Rep. 194); *Maguiar* v. *Henry*, 84 Ky. 1 (4 Am. St. Rep. 182); *Larson* v. *Dickey*, 39 Neb. 463 (58 N. W. 167, 42 Am. St. Rep. 595). Under the law as it stood at the time of the tax sale, the purchaser acquired no title to the property in controversy, because it did not belong to the person in whose name it was listed for assessment at the time the tax was levied or the sale made, and no subsequent act of the legislature could enlarge the purchaser's rights, or vest in him the title then held by another. The effect of the defendant's contention, if sustained, would be to vest in the purchaser at the tax sale the title, not of Mrs. Twilight, but of Page, and this the legislature had not the constitutional right to do : *Merrill* v. *Dearing*, 32 Minn. 479 (21 N. W. 721); *McCord* v. *Sullivan*, 85 Minn. 344 (88 N. W. 989, 89 Am. St. Rep. 561); Black, Tax Titles (2 ed.), § 353. The decree of the court below is therefore affirmed.　　Affirmed.

## On Motion for Rehearing.

Mr. Justice Wolverton delivered the opinion.

4. In their petition for rehearing counsel for appellant strongly urge upon the attention of the court the point made in their original brief and argument, but not con-

sidered in the opinion, namely, that the plaintiffs could not maintain their suit to quiet title without first having tendered and paid into court the amount of the taxes and costs for which the premises were sold at the tax sale, together with all taxes since paid by the purchaser, and interest, as provided by statute (B. & C. Comp. § 3128, and latter clause of section 3135). The point was not deemed vital, which accounts for its being passed over. We have now carefully reëxamined the question involved, and, notwithstanding the able and exhaustive presentation thereof in the petition, are borne to the same conclusion as before. The simple solution of the problem is to be found in the fact that the foreclosure by Page of his mortgage cut off the tax charge against Mary A. Twilight for which her interest in the property was subsequently attempted to be sold, as there can be no reasonable doubt from the record that the mortgage antedated the tax. Mrs. Twilight therefore was taxed upon her derivative title, or such interest only as she had in the property subject to the mortgage; and when the mortgage was foreclosed, and a deed executed in pursuance thereof, it supplanted the estate taxed, and Page succeeded to the absolute fee-simple title, so that there was no vestige of her estate left upon which to found the tax title. The plaintiffs are not claiming through Mrs. Twilight's derivative title, the one that was assessed to her, but through a superior and paramount title, one that was affected in no way by the tax proceedings and sale; so that they are not asserting title to the land as against a party claiming under a tax sale of their estate or title, within the purview of the statute sought to be invoked. This seems to us to be the logical sequence of the doctrine of *Middleton* v. *Moore*, 43 Or. 357 (73 Pac. 16), which controlled the main opinion, and which we yet believe to be sound.        REHEARING DENIED.