GATENS INVESTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78693. Promulgated July 13, 1937.

*Robert T. Jacob, Esq.*, for the petitioner.
*Clay C. Holmes, Esq.*, and *F. R. Shearer, Esq.*, for the respondent.

### OPINION.

DISNEY: The petitioner, an Oregon corporation organized September 29, 1931, by deed dated September 28, 1931, which was recorded October 28, 1931, received certain real estate situate in Portland,

Multnomah County, Oregon, in exchange for all of its capital stock, without any agreement with the grantor respecting payment of taxes assessed against the property prior to the exchange.

The petitioner kept its books and filed its returns on the cash basis. During 1932 the petitioner paid taxes to the County of Multnomah on the property in the amount of $2,061.01. In his determination of a deficiency of $383.66 in income tax against the petitioner for 1932, the respondent disallowed the tax payment as a deduction on the ground that the taxes represented a liability of the grantor. Whether the amount is deductible as a tax paid during 1932 is the only question in issue.

The statement attached to the deficiency notice sets forth that the amount was disallowed as tax levied for 1931. The petition alleges that the petitioner accepted the property subject to the payment of 1931 taxes. This allegation was denied by the respondent in his answer to the petition. Neither the testimony, which is limited to a showing that no agreement was entered into between the grantor and the grantee respecting payment of taxes assessed against the property prior to the exchange, nor the stipulation of facts, establishes the year for which the taxes were paid, but on brief the respondent states that the question involves a deduction for 1931 taxes, and the petitioner acquiesces. In view of this assumption, though this material fact is not established by the record, we will decide the issue on its merits.

The Revenue Act of 1932 allows as a deduction from gross income, with certain exceptions of no importance here, "Taxes paid or accrued within the taxable year." Sec. 23 (c). The respondent contends that the taxes were a charge against the property prior to its acquisition by the petitioner and represent an additional cost of the asset.

The statutes of Oregon provide that the assessor shall require all persons subject to taxation in his county to furnish him with a list of the taxpayer's taxable property and the cash value thereof. The assessor makes a return to the county clerk on an assessment roll of all property owned by taxpayers as of 1 a. m., March 1, and gives notice of the setting on the last Monday of August of the board of equalization to examine and correct the assessment roll. The roll contains, among other things, the names of all taxable persons and a description of the property assessed against them. The assessment is against the person, and not specifically against the property. The state tax commission meets on the third Monday in October to equalize assessments of the several counties of the state. The county court meets during its December term to estimate the amount of money to be raised by taxation and to levy taxes. The estimate and levy are made at the same term of court. *Oregon Railway & Navi-*

*gation Co.* v. *Umatilla County*, 47 Or. 198; 81 Pac. 352. Within 15 days after the apportionment and levy of taxes by the county court of Multnomah County, the county clerk delivers a copy of the assessment roll to the tax collector, with a warrant commanding him to collect the taxes. The taxes levied are payable in equal installments on or before the 5th day of May and November next following. Taxes are a lien upon the property assessed from and including March 1 of the year in which the levy is made, "but as between the grantor and the grantee the procedure in regard to the lien shall be as set forth in sec. 69–710, Oregon Code." Oregon Code Annotated, secs. 69–240; 27–2016; 69–428; 69–601; 69–602; 27–2017; 69–720; 69–722.

The laws of Oregon fix March 1 of each year as "tax day." *City of Portland* v. *Multnomah County*, 135 Or. 469; 296 Pac. 48. Tax assessed on the basis of ownership at that time is an encumbrance against the property from March 1, even though the amount of the tax has not been determined. *Logan* v. *Luukinen*, 113 Or. 52; 231 Pac. 184. In *Crown Willamette Paper Co.*, 14 B. T. A. 133, we held that taxes of Oregon accrue during the year in which they are assessed.

The tax incidence is first upon the person who is owner on March 1, and his personal and primary liability can not be avoided by conveying the property after that date. In *Covey* v. *Hurlburt*, 207 Pac. 166, we find a positive statement from the Supreme Court of Oregon on this question. Section 4268, Oregon Laws, there being considered, is the general statute outlining and defining the duties of the assessor as to assessment of real and personal property. The court says:

Section 4268, Or. L., has the effect to make the person who is the owner of the property on March 1 of any year liable to pay the taxes thereon. The law imposes the tax and the assessor's duty is confined to ascertaining what property was owned by a particular person at that date, and fixing a valuation on it. The fact that it may have been sold before the valuation is made and entered upon the assessment roll can make no difference. If the property is owned by a party on March 1 and is sold to another person before the value is ascertained and entered upon the assessment roll, the purchaser is not made liable to pay the tax upon it. That liability is still upon the person who owned it on March 1. It follows that there is nothing in the fact of a sale of the property after March 1 that in itself releases the vendor from the liability to pay the tax. * * *

The petitioner argues that since the property was conveyed in September 1931, and the warrant could not have been under the statute issued until after a levy was made by the county court during its December term, in the absence of agreement between the grantor and the grantee as to payment of taxes assessed prior to the conveyance, as grantee it was obligated to pay the taxes in question. It

calls our attention to, and relies upon, the provisions of section 69–710, Oregon Code Annotated, reading as follows:

As between the grantor and the grantee of any land, when there is no express agreement as to which shall pay the taxes that may be assessed thereon before the conveyance, if such land is conveyed at the time or prior to the date of the warrant authorizing the collection of such taxes then the grantee shall pay the same, but if conveyed after the date the grantor shall pay them.

In *Ferguson* v. *Kaboth*, 43 Or. 414; 73 Pac. 200, real property was conveyed after March 1, but before the tax on the land was levied and the assessment roll delivered to the tax collector. As to the liability of the grantor to pay the taxes assessed against the property, the court said:

Some stress seems to be laid on section 2846, Hill's Ann. Laws 1892, as indicating an intention to impose the duty of paying taxes upon the grantee of land who acquires the title thereto after the assessment, and before the date of the warrant authorizing the collection thereof. This section, however, was simply designed to define the respective rights of a grantee and grantor of land upon which taxes had been assessed, as between themselves. Under the statute, property was required to be listed to the taxpayer as of the 1st of March of each year. Sess. Laws 1893, p. 6. He became personally liable for the payment of the tax thereon, which might be enforced by seizure and sale of his personal property. Notwithstanding he might sell and convey real estate after the 1st of March, and before the date of the tax warrant, he could be compelled to pay the tax; but, if so, the statute gave him a remedy over against his grantee, unless there was an express agreement between them on the subject.

We find no specific Oregon statute authorizing the tax collector to seize and sell personal property of the taxpayer to satisfy the personal liability for tax levied on his real property, as was in effect at the time the *Kaboth* case arose, but the provisions of section 2846 of Hill's Annotated Code are still in effect, being section 69–710, *supra*.

It is clear from these interpretations of the statute that conveyance of the land to petitioner prior to the issuance of a warrant for collection of taxes levied thereon for 1931 did not transfer to the grantee the personal liability for the tax which had been upon the former owner, as a primary liability, that of the property itself being secondary. The liability for the tax, notwithstanding the transfer, continued to be an obligation of the person who was the owner on March 1. In view of the above interpretation of the Oregon statutes by the highest court of that state, we must and do hold that the petitioner merely paid the tax of another taxpayer, and in doing so acquired no rights under the Act to a deduction for taxes paid within the taxable year. It did not pay a tax "*imposed upon the petitioner.*" *Eugene W. Small*, 27 B. T. A. 1219, 1223. The respondent did not err in disallowing the claimed deduction. Accordingly,

*Decision will be entered for the respondent.*