# Whitehead's Estate.

*Wills—Legacy—Dividends on stock—Gift of personal property —Widow—Agreement as to distribution.*

1. Where a testator gives all of his personal property to his widow after payment of debts and funeral expenses, dividends which have accrued after the death of testator on stock included in his personal estate, are the property of the widow, and pass under her will.

2. If all parties agree that the widow's interest in the personal estate of her husband shall be distributed without the filing of an account of her estate, such dividends may be distributed to the legatees under her will.

*Executors and administrators—Commissions — Evidence — Review on appeal.*

3. The reduction of an executor's commissions from the amount claimed, is a question to be determined by the orphans' court on all the testimony submitted, and it will not be reversed by the appellate court, if the sum allowed appears, from all the circumstances, to be an ample compensation.

Argued September 30, 1920. Appeal, No. 75, Oct. T., 1920, by George and Jacob Whitehead, executors, from decree of O. C. Westmoreland Co., Aug. T., 1919, No. 31, dismissing exceptions to adjudication in estate of Peter Whitehead, deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to adjudication. Before COPELAND, P. J.

From the record it appeared that testator bequeathed all of his personal property to his widow after payment

of debts and funeral expenses. Among his assets were 21,167 shares of a gold mining company, on which there had accrued after his death the sum of $4,422.50 in dividends. The widow died leaving a will by which she gave her estate to her children. It was agreed by the parties in interest that moneys coming to her from her husband's estate should be distributed to her legatees without the formality of filing an account in her estate. The court accordingly made this distribution and awarded the accrued dividends as part of the widow's estate.

The accountants claimed $12,000 as commissions based largely upon services rendered in the sale of certain coal lands. The court cut down the allowance to $7,000, on the ground that the large price obtained for the coal was due to the general rise in values, rather than to any special services of the accountants.

Exceptions to the adjudication were dismissed by the court. The accountants appealed.

*Error assigned* was decree dismissing the exceptions to the adjudication, quoting it.

*Curtis H. Gregg,* with him *Sidney J. Potts,* for appellants.

*James S. Moorhead,* with him *Robert W. Smith,* for appellees.

PER CURIAM, December 31, 1920:

As the shares of stock upon which dividends accrued after the death of the testator had passed to his widow under the clause in his will giving her all of his personal estate after the payment of debts and funeral expenses, those dividends belonged to her and are distributable, under agreement of all parties in interest, as part of her estate. The first assignment of error is overruled.

The second complaint of the appellants is of the court's reduction of the sum they claimed as compensa-

tion for their services as executors. What that ought to be was, as it is in all such cases, a question to be determined by the court on all the testimony submitted to it, and, from our review of the same, our conclusion is that the sum allowed is ample compensation.

Appeal dismissed and decree affirmed at appellants' costs.