## OLE K. SNORTUM v. ERNEST SNORTUM AND OTHERS.[1]

April 20, 1923.

No. 23,276.

**Deed from wife direct to husband void.**

1. A conveyance by deed of real property in 1890, by a wife directly to her husband, is invalid, and upon her death the property descends to and vests in her legal heirs, subject to her debts, regardless of such deed.

**Descent of homestead and other realty.**

2. Under the statute of descent where there are both a surviving spouse and children, the homestead of the other spouse, upon his or her death, descends to the surviving spouse for life, remainder to the children. All other real property of which the decedent dies seized shall descend, subject to decedent's debts, one-third to the surviving spouse in fee, the residue in equal shares to the surviving children.

**Contingent interest in homestead vests in surviving spouse on death of owner.**

3. Under such condition the surviving spouse had a contingent interest, during coverture, in the homestead, which, upon decedent's death, vests in the surviving spouse, remainder to the children; also an inchoate interest in decedent's other real property of which she might die seized, one-third of which at her death vests immediately in the surviving spouse, the residue in the surviving children.

[1]Reported in 193 N. W. 304.

**Meaning of word "vested."**

 4. Under the decisions of this state the word "vested" has a well-understood meaning. It is used to define an estate either present or future the title to which has become established in some person or persons and is no longer subject to any contingency.

**Vested rights not impaired by curative act.**

 5. A curative act cannot impair vested rights.

Ernest Snortum filed a petition in the probate court for Mower county for the determination of the descent of certain land. Ole K. Snortum filed an answer to the petition. The matter was heard by Weber, J., who granted the petition. From the decree of the probate court, O. K. Snortum appealed to the district court for that county where the appeal was heard by Dean, J., who made findings and affirmed the judgment of the probate court. From an order denying his motion for a new trial, O. K. Snortum appealed. Affirmed.

*Catherwood & Nicholsen,* for appellant.

*F. G. Sasse,* for respondents.

QUINN, J.

In 1880, the appellant, Ole K. Snortum, was the owner of a farm of 120 acres in Mower county, upon which he resided with his wife, Isabel A. In October of that year they executed a deed conveying said farm to Andrew A. Oleson, in which the consideration was stated to be $1,300. In September, 1882, Oleson reconveyed the farm to Isabel A. by deed in which the consideration was stated to be $1,300. These conveyances were recorded as of about the time of their execution. On February 8, 1890, the wife, Isabel A., executed a warranty deed of the premises direct to her husband, which he held until January 23, 1914, when it was recorded. On March 22, 1890, forty-two days after the execution of the deed to her husband, Isabel A. died intestate leaving, her surviving, her husband and their four children, the respondents herein.

The appellant claims title and ownership in fee to the land under the deed from his wife as cured by chapter 218, p. 319, Laws of 1915.

Respondents claim, that the deed executed direct to their father by the mother in 1890 was void under the statute and accordingly the title was in their mother, which, at the time of her death, vested in the respondents, subject only to the life estate of their father in the homestead and an undivided one-third interest in the other forty.

In 1920, the respondent, Ernest Snortum, filed a petition with the probate court asking for the determination of the descent of the land in question, claiming that it belonged to his mother's estate and that he was entitled to an interest therein. Appellant filed an answer claiming title and ownership of the premises. Upon hearing, the probate court issued a decree denying the claim of appellant and decreeing the descent of the land as follows, to-wit: To the appellant, Ole K. Snortum, the 80 acre homestead for and during the term of his natural life, and an undivided one-third of the forty in fee simple; to the respondents each an undivided one-fourth in the 80 acre homestead, subject to the life estate of their father, and to each an undivided one-sixth of the other forty. From that decree the father appealed to the district court where a trial was had and the doings of the probate court were affirmed. From such order this appeal was taken.

It is contended on behalf of appellant that bona fide deed from the wife direct to the husband, in the absence of fraud or ulterior motive, is valid and should not be disturbed, and that the irregularity in the deed under consideration is cured and made valid and binding by the curative act, Laws of 1915, p. 319, chapter 218, which became effective shortly after the deed in question was recorded.

It is perfectly clear that the deed in the instant case from the wife to the husband was invalid, unless rendered otherwise by the curative act. Section 4, chapter 69, G. S. 1878, was in force and was carried forward into Revised Laws of 1894, § 5534, and applies to the case at bar. It reads as follows:

"No contract between a husband and wife, the one with the other, relative to the real estate of either or any interest therein, shall be valid, nor shall any power of attorney or other authority from the one to the other to convey real estate or any interest therein be of any force."

It has been consistently held under this statute that an attempted conveyance of real estate from one spouse to the other is invalid and nonenforceable for any purpose. In the case of Loveridge v. Coles, 72 Minn. 57, 74 N. W. 1109, where the husband conveyed real estate direct to his wife and the wife then entered into an executory contract for deed, on the death of the husband, in a suit testing this contract, it was held that the conveyance to the wife was void; that the children inherited their interest in the property from the father and were not bound by the mother's contract. See also McKinney v. Bode, 32 Minn. 228, 20 N. W. 94; Phillips v. Blaker, 68 Minn. 152, 70 N. W. 1082; Van Brunt v. Wallace, 88 Minn. 116, 92 N. W. 521; Luse v. Reed, 63 Minn. 5, 65 N. W. 91. In the instant case the deed from the wife to the husband was, under the foregoing holdings, a mere nullity and conveyed nothing. Upon the death of the wife the homestead right and an undivided one-third interest in the other forty immediately vested in the husband, and an undivided one-fourth interest in the homestead, subject to the life estate of their father, and an undivided one-sixth interest in the other forty vested in each of the respondents as heirs of their mother.

Under the decisions of this state the word "vested" has a well-understood meaning. It is used to define an estate either present or future, the title to which has become established in some person or persons and is no longer subject to any contingency. The phrase "vested right" or "vested interest" used in other relations, may, with reasonable precision, be held to mean some right or interest in property that has become fixed or established. Griswold v. McGee, 102 Minn. 114, 112 N. W. 1020, 113 N. W. 382, 12 Ann. Cas. 186; 1 Dunnell, Minn. Dig. § 1612.

Under our statutes of descent, the homestead of a wife or husband, upon her or his death, shall descend, if there be both a surviving spouse and children, to such surviving spouse for life, remainder to the children. All other real property of which the intestate may die seized shall descend, subject to the intestate's debts, one-third to the surviving spouse in fee, the residue in equal shares to the surviving children. Under such a statute the surviving spouse has a contingent interest, during coverture, in the decedent's homestead,

which, upon his or her death, vests in the surviving spouse, remainder to the children. Such surviving spouse also has an inchoate interest, during coverture, in the intestate's other real property of which she dies seized, which descends one-third to the surviving spouse absolutely, and the residue descends to and vests in the surviving children immediately upon the parent's death. Hamilton v. Village of Detroit, 85 Minn. 83-89, 88 N. W. 419; Griswold v. McGee, 102 Minn. 114-128, 112 N. W. 1020, 113 N. W. 382; 1 Dunnell, Minn. Dig. § 1618. Upon the death of the decedent, the life estate in the homestead becomes absolute in the surviving spouse, remainder to the children.

The respondents having thus acquired a vested right in the real property of the intestate, the legislature has no power to deprive them of such right by a curative statute. The validity of such an act to render a conveyance enforceable, which, but for such legislation would be nonenforceable, depends upon whether any vested rights are thereby destroyed. If a right, which is vested before the passage of the act, is thereby taken away, then the act deprives the owners of their property without due process of law. Meighen v. Strong, 6 Minn. 111 (177), 80 Am. Dec. 441; Thompson v. Morgan, 6 Minn. 199 (292); Lowry v. Mayo, 41 Minn. 338, 43 N. W. 78; Christian v. Bowman, 49 Minn. 99-104, 51 N. W. 663; Farnsworth L. & R. Co. v. Commonwealth Title Ins. & Tr. Co. 84 Minn. 62, 86 N. W. 877; McCord v. Sullivan, 85 Minn. 344, 88 N. W. 989, Am. St. 561; Olson v. Cash, 98 Minn. 4, 107 N. W. 557; Peet v. City of East Grand Forks, 101 Minn. 523, 112 N. W. 1005.

Affirmed.