IANTHE B. HARDENBERGH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GABRIELLE HARDENBERGH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 25614, 25615. Promulgated August 6, 1951.

*Robert F. Leach, Esq.*, and *Leland W. Scott, Esq.*, for the petitioners.
*Thos. A. Steele, Jr., Esq.*, for the respondent.

## OPINION.

JOHNSON, *Judge:* In effect section 1000 of the Internal Revenue Code imposes a gift tax upon "the transfer of property by gift," and stipulates "that the tax shall apply whether the gift is direct or indirect."

Within the meaning of this provision of the Code, as interpreted by the courts, did petitioners, heirs of George S. Hardenbergh, deceased, by the renunciation or relinquishment of their interest in his estate, thereby make a gift of same to George Adams Hardenbergh, decedent's only other heir?

Petitioners, in support of their contention that such renunciation or relinquishment did not constitute a gift, cite *Brown* v. *Routzahn* (C. A. 6), 63 F. 2d 914, certiorari denied 290 U. S. 641. It was there held that a renunciation and refusal to accept a bequest under a will, with the result that the property so bequeathed passed to another, was not a "transfer" of such property within the meaning of section 402 (c), Revenue Act of 1921. While there an estate rather than a gift tax was involved, however, in both instances the basis of the tax is a "transfer of property," without which there is no tax liability.

In *Brown* v. *Routzahn, supra,* the court reasoned that the beneficiary in the will, so long as the estate was being administered, had the right either to accept or reject the bequest, and having seasonably rejected same, he never owned or controlled the property, and declared that in their opinion the statute in question did not "contemplate the taxing of the renunciation of testamentary gifts."

Respondent says "the facts and basic issue" here are "radically different" from those in *Brown* v. *Routzahn, supra,* in that here the decedent died intestate. There was no will and hence no testamentary gift which the devisee could accept or reject. The property involved

was inherited by petitioners as heirs under the laws of descent and distribution of the State of Minnesota, and, respondent contends, an heir has no power to prevent by renunciation the vesting of title in himself immediately upon the death of the decedent. *Bostian* v. *Milens* (Mo. 1946), 193 S. W. 2d 797, 170 A. L. R. 424, 435, and cases cited therein; Page, Wills, § 1401.

The above cases and authorities cited by respondent unequivocally support his position on this question. The Missouri Court, in *Bostian* v. *Milens*, stated that "the only way an heir may loose or part with his title to property, acquired by descent, is by prescription, adverse possession, estoppel, gift, contract, conveyance, intestacy, testamentary disposition, and perhaps other ways, but not by renunciation." The court defined "renunciation" thus: "* * * when one renounces he refused to accept and, therefore, never has anything to let go." Similarly, Page, Wills, *supra*, states:

> If the owner of property dies without a will, the title to such property passes at common law by force of the rules of law which apply to such a situation. No voluntary act on the part either of the former owner who is dead, or of the subsequent owner who takes by intestate succession, is of any legal significance. As a part of this general theory of intestate succession, the heir, next of kin, etc., have no power to prevent the passage of title to themselves by any renunciation, disclaimer and the like, * * *.

There are, to our knowledge, no cases on this precise point in Minnesota. However, the Minnesota courts hold that title to real estate of an intestate descends to the heirs immediately on his death. *Bengston* v. *Setterberg*, 227 Minn. 337, 35 N. W. 2d 623; *Benboom* v. *National Surety Corporation*, 225 Minn. 163, 31 N. W. 2d 1; *Snortum* v. *Snortum*, 155 Minn. 230, 193 N. W. 304; *Byrnes* v. *Sexton*, 62 Minn. 135, 64 N. W. 155. Similarly, in Minnesota personal property of an intestate descends to the heirs immediately on his death, subject only to the administrator's right of possession and qualified title for purposes of administration. *In re Butler's Estate*, 205 Minn. 60, 284 N. W. 889. Furthermore, it is to be noted that in the Minnesota Probate Code, Minnesota Statutes, 1945, under the heading "Wills," there appears a section entitled "Renunciation and Election." No such section appears in the Probate Code under the heading "Intestate Succession."

Title to the property here in question vesting in petitioners upon decedent's death, some act of theirs was necessary to divest them of such title. Here the act of divestiture was the execution on September 20, 1944, by petitioners of the instrument which they called a renunciation, but which was in reality a release or relinquishment. As stated in *Barnes* v. *Verry*, 174 Minn. 173, 218 N. W. 551, "in the absence of fraud, undue influence, or mistake, releases between coheirs of their rights in real or personal property, and agreements entered into be-

tween them for a division of the estate, are valid, and will be enforced." Regardless of the name applied to it, the instrument of September 20, 1944, evidenced the passage of title from petitioners of the property they had inherited under the laws of Minnesota. In our opinion such instrument effected a "transfer" within the meaning of the Federal gift tax law. Upon its execution petitioners' title passed to the estate, and in recognition thereof, upon distribution the probate court distributed all the property of the estate to George A. Hardenbergh. If this was not a "direct" transfer by petitioners to George A. Hardenbergh, it was certainly an "indirect" transfer to him, and is therefore subject to gift tax.

Petitioners contend that the decree of distribution of the probate court, rather than any act of theirs, divested them of title. However, the decree was subsequent to the execution of the instrument above referred to and is based thereon, as the terms of the decree itself recite.

As pointed out by the Supreme Court in *Commissioner* v. *Wemyss*, 324 U. S. 303, it is unnecessary that donative intent be proved in order for a gift to be taxable within the meaning of the Federal gift tax law, but here donative intent on the part of petitioners as to the transfers in question is affirmatively shown, both by the oral testimony and by the recitals contained in the instrument of September 20, 1944.

*Decisions will be entered for the respondent.*