*Decisions will be entered under Rule 50.*

WILLIAM L. MAXWELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31516.   Promulgated March 26, 1952.

*Frank C. Scott, C. P. A.*, for the petitioner.
*Charles W. Nyquist, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge:* The facts presented in this proceeding pose the single issue of whether William L. Maxwell, by renouncing any right to take under his wife's will or under the laws of succession, made gifts taxable under section 1000 of the Internal Revenue Code.[1]

This Court has recently considered the question of taxable gifts made by renunciation of interest in a decedent's estate. *Ianthe B. Hardenbergh,* 17 T. C. 166. It was there held that taxable gifts were

---

[1] SEC. 1000. IMPOSITION OF TAX.

(a) For the calendar year 1940 and each calendar year thereafter a tax, computed as provided in section 1001, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift. Gift taxes for the calendar years 1932–1939, inclusive, shall not be affected by the provisions of this chapter, but shall remain subject to the applicable provisions of the Revenue Act of 1932, except as such provisions are modified by legislation enacted subsequent to the Revenue Act of 1932.

(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; but, in the case of a nonresident not a citizen of the United States, shall apply to a transfer only if the property is situated within the United States.

made by the widow and daughter of an intestate decedent in renouncing all interest in the estate which passed under the laws of descent and distribution of Minnesota. We there distinguished the case of *Brown* v. *Routzahn*, 63 F. 2d 914, wherein it was held that a renunciation of a bequest under a will, resulting in the passing of a legacy to another, was not a "transfer" under section 402 (c) of the Revenue Act of 1921. The distinction was made in the *Hardenbergh* case between renunciation of a testamentary gift and the disclaimer of an heir's interest in an intestate estate. The former was considered not taxable in *Brown* v. *Routzahn, supra*, because the beneficiary in the will could accept or reject the bequest which, if refused, was never owned or controlled by the beneficiary and was not "transferred" by him. The latter, in *Ianthe B. Hardenbergh, supra*, was held taxable because heirs, under Minnesota law, cannot, by renunciation, prevent the vesting of title in themselves upon the death of the intestate. The act by which the heirs divested themselves of title to the property constituted the transfer within the meaning of the Federal gift tax law.

In the present case the petitioner renounced all his rights to property under the will and under the intestate succession laws. California law provides that community property, upon the death of a spouse, belongs one-half to the survivor, the other one-half is subject to the disposition by will of the decedent, and, if there is no such disposition, the surviving spouse takes this half as well.[2]

Upon his wife's death the petitioner owned one-half of the community property. The remainder, the community property moiety interest, which is the property in question here, was the property interest disclaimed by petitioner. If the renunciation of the only legacy was effective, the community property moiety interest would pass to the petitioner as the surviving spouse, under the laws of succession. The petitioner, however, disclaimed this interest as well, with the result that the only other heirs, the children, took the property in equal shares.

In following the test applied in the *Hardenbergh* decision, we must examine California law to determine if the petitioner's two-fold renunciation was effective. The title to a California decedent's estate

---

[2] PROBATE CODE OF THE STATE OF CALIFORNIA:

DIVISION II

SUCCESSION

§ 200. *Definition.* Succession is the acquisition of title to the property of one who dies without disposing of it by will. [Enacted 1931.]

CHAPTER I

Community Property

§ 201. *Succession.* Upon the death of either husband or wife, one-half of the community property belongs to the surviving spouse; the other half is subject to the testamentary disposition of the decedent, and in the absence thereof goes to the surviving spouse, subject to the provisions of sections 202 and 203 of this code. [Enacted 1931; Am. Stats. 1935, p. 2249.]

passes to the legatee or heir, if no will, when the decedent dies.[3] California decisions hold that the title to property vests immediately, not only, as was true in Minnesota, in an heir, *In Re Laurence's Estate*, 84 Cal. App. 2d 500, 191 P. 2d 109, but also in a legatee, *In Re Kalt's Estate*, 16 Cal. 2d 807, 108 P. 2d 401.

Although this criterion might indicate a result similar to that reached under Minnesota law in the *Hardenbergh* case, we are left in no doubt as to the ability or inability, in California, of an heir and a legatee to renounce their interest. The recent decision of *In Re Meyer's Estate*, 238 P. 2d 597, states, in part:

> While the courts of this state have determined that an heir may sell, assign, hypothecate, or otherwise transfer his inheritance, may make a testamentary disposition thereof, may contract with other heirs with reference thereto, and may lose it by adverse possession, so far as we have been able to ascertain, the question of whether an heir succeeding by descent may renounce or disclaim his inheritance has not been determined in this state.
>
> The authorities are in harmony in declaring that heirs cannot prevent the passage of title to themselves by a renunciation or disclaimer. The object of the renunciation was to prevent any part of the estate from passing from the ancestor to the German heirs. A legatee or devisee, under a will, is not bound to accept, but may renounce or disclaim his right under it, if he has not already accepted; and the renunciation or disclaimer relates back to the time the gift was made and no estate vests in him. The rule is different as to a succession by descent. The estate vests in the heir *eo instante* upon the death of the ancestor; and no act of his is required to perfect title. The estate is cast on the heir by operation of law without regard to his wishes or election. No assent or acceptance is necessary. He cannot, by any act, cause the estate to remain in the ancestor, for the latter is incapable of holding it after his death. He cannot, by any renunciation or disclaimer, prevent the passage of title to himself.  *   *   *

The District Court of Appeals goes on to say that a renunciation or a disclaimer will not transfer the estate to another as the heir of the ancestor. However this might be true under state law, the result effected by petitioner's renunciation here was the distribution of the estate to the only other heirs of the decedent. Whether this is called a transfer by state law is not of primary importance here for it

[3] PROBATE CODE OF THE STATE OF CALIFORNIA:
DIVISION III
ADMINISTRATION OF ESTATES OF DECEDENTS
CHAPTER I
Probate of Wills and Application for Letters
ARTICLE I
Jurisdiction

§ 300. *Title to decedent's estate: Possession.* When a person dies, the title to his property, real and personal, passes to the person to whom it is devised or bequeathed by his last will, or, in the absence of such disposition, to the persons who succeed to his estate as provided in Division II of this code; but all of his property shall be subject to the possession of the executor or administrator and to the control of the superior court for the purposes of administration, sale or other disposition under the provisions of Division III of this code, and shall be chargeable with the expenses of administering his estate, and the payment of his debts and the allowance to the family, except as otherwise provided in this code. [Enacted 1931.]

evidenced the passage of title from the petitioner. *Ianthe B. Hardenbergh, supra.* For Federal gift tax purposes it suffices.

Thus, we see that the petitioner was able to renounce the community property moiety interest he was entitled to as sole beneficiary under his wife's will. Upon this occurrence, under California statutes, the lack of a testamentary disposition of community property passed the title to the property to the surviving spouse. For this reason the petitioner also renounced the same interest as an heir under the laws of succession. This disclaimer, however, failed under California law, to prevent the passage of title to himself. As was true in the *Hardenbergh* decision, the result was that the renunciation achieved a transfer of the community property interest to the other three heirs, a transfer which is subject to gift tax.

*Decision will be entered under Rule 50.*