**Mrs. Adele Sidney Burleson SMITH et vir,**
**Appellants,**

**v.**

**Mrs. Laura Burleson NEGLEY et al.,**
**Appellees.**

**No. 10505.**

Court of Civil Appeals of Texas.

Austin.

July 17, 1957.

James R. Meyers, Coleman Gay, Austin, for Lucy Kyle Burleson Grimes and others.

Matthews, Nowlin, MacFarlane & Barrett, Lionel R. Fuller, San Antonio, for Laura Burleson Negley and Richard V. W. Negley.

Tom H. Davis, Ralph W. Yarborough, E. Wayne Thode, Austin, for Adele Sidney Burleson Smith and husband.

HUGHES, Justice.

This is a declaratory judgment action brought by appellants, Mrs. Adele Sidney Burleson Smith and husband Bryant Smith, against appellees[1] Laura Burleson Negley and husband Richard V. W. Negley, William Negley and wife, Caroline Brown Negley, Richard Negley, James Negley and Laura Negley, minors, Lucy Kyle Burleson Grimes and husband Charles Greene Grimes, Burleson Grimes and wife, Rosemary Hall Grimes, Burleson Grimes, Jr., Lucy Kyle Grimes, Douglas Hall Grimes, Charles Grimes, and John Legler Grimes, minors, Adele Grimes Castle and husband, Alfred E. Castle, Edward Castle, Richard Castle and Bryant Castle, minors, Eleanor Grimes Butt and husband William Butt, Sidney Butt, William Butt, Jr., Barbara Butt and David Samuel Butt, minors.

The purpose of the suit was to procure a construction of the following paragraph of the will[2] of Adele Steiner Burleson, deceased:

"(I) In the event any one of my said daughters should not survive me, or if surviving, should decline to accept under this will, then upon my death, the share they would have taken if surviving me and accepting hereunder, shall go, and it is devised as it is above provided that the same shall go on their death."

The parties hereto, excluding formal parties, are all of the heirs at law and all of the devisees and legatees named in the will of Adele Steiner Burleson.

1. The parties will be designated as indicated, unless otherwise noted, although appellees have also appealed from the judgment.

2. Admitted to probate February 2, 1948, by the Probate Court of Travis County in Cause No. 12,869.

In order to show the need for construing the above portion of the will appellants alleged that they had filed a contest of the probate of the will of Adele Steiner Burleson in the Probate Court of Travis County, Cause No. 15,055, and that in such pending suit the defendants therein, appellees herein, had filed pleadings contending that the paragraph of the will copied above is a "No contest" clause and that appellant, Mrs. Smith, a beneficiary thereunder, in the event she is unsuccessful in the will contest will forfeit her right to receive any property under the will. We copy from appellants' prayer.

"Premises considered, plaintiffs pray * * * for a construction of the above quoted portion of the instrument probated as the will of Adele Steiner Burleson; and pray that the true construction of said provision be declared to be that said provision is not a 'No contest' provision, but that it is a provision which becomes operative and requires Adele Sidney Burleson Smith to accept or decline to take under said instrument only in the event there is a final decision in the will contest filed as Cause No. 15,055 in the Probate Court of Travis County, Texas, holding that such instrument is the will of Adele Steiner Burleson; or if said provision is found to be a 'No contest' provision, then plaintiffs pray that such a provision be declared invalid and null and void because in violation of the public policy of the State of Texas; * * * "

Other than formal answers filed by some appellees the common defense appears from the pleadings of the Negleys from which we quote:

"These defendants specially deny that they have asserted or are asserting that Paragraph (I) on page 8 of the instrument probated as the last will testament of Adele Steiner Burleson is a 'No contest' provision of the type which may be so denominated by the courts and which ordinarily provide in substance that any beneficiary contesting a will forfeits his interest thereunder. On the contrary, these defendants say that the subject provision of such will is in truth and fact nothing more than a conditional devise to certain contingent beneficiaries to take effect in the event any of the daughters of the testatrix, including the plaintiff Adele Sidney Burleson Smith, survived and declined to accept under the will. Accordingly, the real issue to be determined by this Court is not whether or not the provision in question is to be denominated a so-called 'No contest' clause, but whether or not the contest of said will now maintained by plaintiff in the Probate Court of Travis County, Texas, constitutes a declination of acceptance under the will within the meaning of the phrase 'should decline to accept under this will' as used in Paragraph (I) on page 8 of said will. These defendants say that such contest cannot be construed as anything other than a declination to accept under the will within the meaning of said provision thereof, inasmuch as a contest of the validity of the will is the antithesis or the direct opposite of its acceptance.

"III.

"These defendants say that plaintiff has accepted under the will and therefore cannot maintain her contest of its validity, inasmuch as a person cannot in law accept the benefits of an instrument and at the same time contest its validity in an attempt to reject its burdens. If in the event, however, it is held that plaintiff has not so accepted under the will, then the reverse is true and it must be held that she has 'declined to accept', and if the will is valid, then the subject provision of the will describing who is to take the property in the event plaintiff 'should decline to accept' under said will must be given the force and effect the testatrix

intended, said provision being clear, unambiguous and valid in all respects. Accordingly, if Adele Sidney Burleson Smith continues her contest and is unseccessful in setting aside her mother's will, then she is precluded from taking under the terms of said instrument, not because of any 'No contest' or forfeiture clause, but because her contest constitutes a declination to accept under the will, in which event the will provides that plaintiff's share is to go to the contingent beneficiaries.

"IV.

"In the alternative, these defendants say that the subject provision of said will does require the plaintiff Adele Sidney Burleson Smith to elect whether to take under the instrument probated as her mother's will, or in the alternative to contest said instrument as not being her mother's will under the penalty of forfeiting her legacy if she is unseccessful in setting aside such instrument. In such case the effect of such election is the same as if said provision actually constituted a so-called 'No contest' or forfeiture provision, and in this connection, defendants say that it is the law of Texas that so-called 'No contest' or forfeiture provisions in wills are valid and not against the public policy of the State of Texas.

"V.

"Wherefore, these defendants pray for a construction of Paragraph (I) of the will of Adele Steiner Burleson; that the true construction of said provision be declared to be that plaintiff's contest of said will constitutes a declination to accept under said will within the meaning of the phrase 'should decline to accept under this will' as used in said provision; * * *"

In addition to their answer the Negleys filed a cross action in which they alleged that appellant Mrs. Smith by various acts and conduct and by receiving property from her mother's (decedent's) estate had accepted under the will.

To the Negley cross action appellants filed a "Plea To The Jurisdiction."

The basis of this plea is that the Court below, under Sec. 8 of Art. V of our Constitution, Vernon's Ann.St., has appellate jurisdiction only in probate matters and that the question of whether or not appellant Mrs. Smith had accepted or declined to accept under the will of her mother was a matter exclusively within the jurisdiction of the probate court where, in fact, the issue had been pleaded by appellees.

This plea to the jurisdiction was sustained, the Court finding:

"* * * that all of Defendants' allegations concerning acts amounting to 'acceptance' or 'estoppel' involved issues before the Probate Court in the will contest filed therein and pending in that court; and being of the opinion that said issues were properly before that court and were issues over which the Probate Court has original jurisdiction and over which the District Court had only appellate jurisdiction; * * *"

The Trial Court in its judgment decreed the above quoted provision of the will not to be void and refused to adjudicate the effect of such provision upon any particular state of facts.

The Negleys assert, and none of the other appellees disagrees, that the quoted provision of the will is not void and is not a "No contest" provision. Under these circumstances we merely note our concurrence in the conclusion stated.

Appellants' real complaint is that the Court below did not construe the quoted paragraph of the will as being inapplicable to appellant Mrs. Smith until after final termination of her contest of the will.

It appears from their pleadings quoted supra that the Negleys have requested that such paragraph of the will be construed as to declare Mrs. Smith's contest of the will to be a declination to accept under it. Appellants and the Negleys have briefed their respective positions.

It would not be possible to construe the will in the one regard without construing it in the other regard. One construction encompasses the other construction.

Since the parties have considered this problem to be within the jurisdiction of the Court below to construe the will and because we concur in this conclusion we will answer, as best we can, the questions presented.

The facts are undisputed. Appellants have filed a suit contesting the probate of decedent's will. If this fact does not, as they contend, constitute a declination to accept under the will then clearly and justly, it seems to us, appellants should have and of necessity must have a final determination of that contest before an acceptance under the will could be required.

■■■ A will contest is a proceeding brought for the purpose of determining whether or not there is a will. A legatee or devisee in a will, as such, has no right to attack the validity of a will. Moore v. Stark, 118 Tex. 565, 17 S.W.2d 1037, 21 S.W.2d 296; 95 C.J.S. Wills § 329, p. 178. His only interest is to sustain it. An heir, on the other hand, as such, is interested only in opposition to the will.

Here appellant Mrs. Smith has a dual capacity. She is an heir. She is also a beneficiary under the will. Now unless the will attempts to force Mrs. Smith to forego some right as an heir in order to qualify as a beneficiary under the will then certainly we should not undertake to do what the testatrix did not do.

■■■ Close scrutiny of the quoted paragraph of the will fails to disclose that testatrix dealt with Mrs. Smith's right as an heir at all. In fact all parties concede this when they agree that such paragraph is not a "No contest" provision. All that such paragraph does is to provide against intestacy if Mrs. Smith declined to accept under the will. The right of Mrs. Smith to decline the benefits of the will is a right which she had whether conferred by the will or not. 96 C.J.S. Wills § 1148, p. 940.

Suppose, for instance, an heir other than Mrs. Smith had contested the will from the time it was offered for probate. Certainly Mrs. Smith, under these circumstances, could and must await the outcome of that litigation before being compelled to make a binding choice to take or not take under such will.

■■■ Since there is nothing in the will which deprives Mrs. Smith of her right to contend there is no valid will we are of the opinion that she has such right and that the mere exercise of it does not of itself prove a declination by her to take under the will when and if it is finally established.

We turn now to a consideration of the Court's action in sustaining appellants' "Plea To The Jurisdiction."

While this plea is so denominated it is in fact also a plea in abatement based on the pendency of the will contest in the Probate Court. The plea states, in part:

"This Honorable Court has original jurisdiction over every properly presented question of construction, but has no original jurisdiction over the question of estoppel to maintain the will contest. The estoppel by 'acceptance' issue is permaturely presented in this court. This same issue of estoppel has been pleaded by defendants in the will contest now pending in the County Court of Travis County, Texas."

■■■ Appellees concede that they have pleaded in the Probate Court the same matters and issues tendered by their cross action in this case. If such matters and issues were properly tendered in the Probate

Court, and appellees do not contend otherwise, then another court of co-ordinate jurisdiction cannot oust the Probate Court of its previously acquired jurisdiction. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063.

In passing upon the court's action in sustaining the plea under consideration we assume but do not decide that the District Court was properly vested with jurisdiction to try the issues tendered by appellee's cross action.

Since appellees do not contend that the Probate Court was not empowered to dispose of the issues which they had made in that court and since appellants maintain that the Probate Court had exclusive authority to try such issues we will not discuss at length our conclusion that the Probate Court had authority, whether exclusive or not we do not decide, to determine whether or not Mrs. Smith had in fact accepted under the will of her mother.

■■ It is fundamental that a person cannot take any beneficial interest under a will and at the same time retain or claim any interest, even if well founded, which would defeat or in any way prevent the full effect and operation of every part of the will. Miller v. Miller, 149 Tex. 543, 235 S.W.2d 624. It follows that if Mrs. Smith, as appellees allege both here and in the Probate Court, has in a manner binding upon her accepted benefits under the will of her mother she has surrendered her rights as an heir without which she lacks interest sufficient to authorize the maintenance of a suit to contest the validity of the will. She would be a legatee or devisee whose only interest lies in sustaining the will. Moore v. Stark, supra. See also Franke v. Cheatham, Tex., 303 S.W.2d 355. The determination of the right to maintain the contest is, of course, a matter properly within the jurisdiction of the Probate Court.

We hold that the Trial Court properly held that he should not pass upon the merits of appellees' cross action because the issues

it made were then pending in the Probate Court.

The judgment of the Trial Court is amended in accordance with the declarations of law made in this opinion and as amended such judgment is affirmed.

Amended and affirmed.