**FIRST CITY NATIONAL BANK OF HOUSTON et al., Appellants,**

v.

**H. E. L. TOOMBS et al., Appellees.**

**No. 14685.**

Court of Civil Appeals of Texas.

San Antonio.

July 31, 1968.

Rehearing Denied Sept. 11, 1968.

Vinson, Elkins, Weems & Searls, Houston, for appellants.

Boyle, Wheeler, Gresham, Davis & Gregory, Elwood Cluck, San Antonio, for appellees.

KLINGEMAN, Justice.

This is a suit filed by H. E. L. Toombs and others in the District Court of Uvalde County seeking a declaratory judgment under the Texas Trust Act, Art. 7425b–1 et seq., and under the Uniform Declaratory Judgments Act, Art. 2524–1 et seq. Determinations by the court were sought as to whether partial renunciations by Ethel Lee Toombs and Marjorie Lee Kerr, two beneficiaries of the Essie M. Lee will, were made within the time and in the manner required by law; whether such renunciations were proper, valid, irrevocable and legally binding; and, further, a determination as to the effect of such renunciations. Upon a trial to the court, judgment was rendered that such renunciations were made within the time and in the manner required by law, and were for all purposes proper, valid, enforceable and legally binding. The trial court further held that such renunciations were retroactive, relating back to the date of the death of Essie M. Lee, and as a result thereof certain of the beneficiaries are and have been entitled to all of the income and corpus provided for their benefit under the terms and provisions of the last will and testament of Essie M. Lee. First City National Bank of Houston, one of the Independent Executors and one of the Trustees named and appointed in said will, and one of the defendants in the trial court, appeals from the ruling of the trial court as to the validity and enforceability of such partial renunciations and asserts one point of error: "The trial court erred in holding that the renunciations of Ethel Lee Toombs and Marjorie Lee Kerr were and are valid, enforceable, and legally binding upon them."

Essie M. Lee died in Uvalde County, Texas, on October 24, 1964. She had five children, all daughters, four of whom survived her, and one who had died prior to the execution of the will herein involved. In such will Mrs. Lee made a basically equal division of her estate between such five children, including the deceased daughter, with the children of the deceased daughter taking their mother's share. Under Article II of such will, the testatrix bequeathed the sum of $25,000.00 to each of her four surviving children, and a sum aggregating $25,000.00 to the three children of her deceased daughter, and also bequeathed certain other personal property to each of her children, including the deceased daughter, in five equal shares. In subsequent Articles of said will, she created seven trust estates, four of which apply to her surviving children and three to the children of her deceased daughter. All of the trusts are similar in nature, with each surviving daughter receiving an undivided one-fifth interest in the rest and residue of Mrs. Lee's estate for their use and benefit during their lifetime, and thereafter to the use and benefit of their respective children during their lifetime,

and with the three children of the deceased daughter receiving an undivided one-fifteenth interest each for their use and benefit during their lifetime. With respect to each trust, the trustee is directed to hold and manage the trust property and (a) to distribute the income (with a minimum $3,000 semi-annual distribution) to the daughter during her lifetime, and upon her death (b) to distribute the income equally to such daughter's children (grandchildren of the decedent) and upon the death of each of them, (c) to distribute the income equally to the children of the daughter's child (great grandchildren of the decedent) until they attain thirty-five years of age, when the trust is to terminate.

Each of the trusts provided for under Article III through Article VI of such will contains substantially similar terms, with the trust for each surviving daughter being identical in its provisions, and the three separate trusts for the children of the deceased daughter being identical to each other in their provisions. Such will appoints and designates First City National Bank and Ethel Lee Toombs as independent executors and trustees, and was duly probated in Uvalde County, Texas. Shortly after the death of testatrix, Mrs. Ethel Lee Toombs and Mrs. Marjorie Lee Kerr orally advised First City National Bank that they did not desire to participate in any benefits under the respective trusts applicable to them. No distributions of income or corpus, whatsoever, of the Toombs trust or Kerr trust were made or attempted to be made prior to May 27, 1966, at which time the Bank tendered to Ethel Lee Toombs a check drawn on the Toombs trust in the amount of $3,000, and a similar check for $3,000 drawn on the Kerr trust was tendered to Marjorie Lee Kerr. Such checks were immediately returned by Mrs. Toombs and Mrs. Kerr to the Bank, and at that time formal written renunciations were sent to the Bank by Mrs. Toombs and Mrs. Kerr, each stating that she did not wish to take any benefits under the trust applicable to her. Ethel Lee Toombs and Mrs. Marjorie Lee Kerr have been paid the cash bequests devised to them under Article II of said will and the personal effects have been delivered to them.

The right of a devisee or legatee under a will to decline a devise or bequest in toto is generally recognized. 57 Am. Jur., Wills, § 1566, pp. 1070–1071; 96 C.J.S. Wills § 1148. A beneficiary may disclaim or renounce his rights under a will, even where the gift is beneficial, provided he has not already accepted it, and provided that the rights of third persons are not involved; and the motives which prompt a renunciation are immaterial in the absence of fraud or collusion. 96 C.J.S. Wills § 1151. However, there is a division of authorities with regard to partial renunciations under a will. Some jurisdictions do not recognize the right of partial renunciation. See Cochran's Executor and Trustee v. Commonwealth, 241 Ky. 656, 44 S.W.2d 603, 78 A.L.R. 710; Bailey v. McLain, 215 N.C. 150, 1 S.E.2d 372, 120 A.L.R. 1487; Page, The Law of Wills, § 49.10; 96 C.J.S. Wills § 1148, p. 942. Other jurisdictions permit a partial renunciation in a proper case. See Annotation, "Right to Accept One Devise or Bequest under Will and Renounce Another," 91 A.L.R. 607; 96 C.J.S. Wills § 1148, p. 942; Page, The Law of Wills, Vol. 6, § 49.10. We have been unable to find a Texas case which deals directly with the question of whether it is possible for a devisee under a will to accept one bequest and reject another in such will. There are some Texas cases which contain inferential language to the effect that one who accepts a benefit under a will must adopt the whole contents of the will. See Smith v. Negley, 304 S.W.2d 464 (Tex.Civ.App.—Austin 1957, no writ); Lieber v. Mercantile National Bank at Dallas, 331 S.W.2d 463 (Tex.Civ.App.—Dallas 1960, writ ref'd n. r. e.); Edsall v. Hutchings, 143 S.W.2d 700 (Tex.Civ.App.—Eastland 1940, writ ref'd).

These Texas decisions, which discuss renunciation or refusal to take under a will, involve situations where the donee is put to an election and are not factually similar to the case involved here. The doctrine of election as applied to wills is the obligation imposed on a devisee or legatee to chose between two inconsistent or alternative rights or claims, where the testator intended that both should not be enjoyed. 97 C.J.S. Wills § 1237; Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620 (1935); Dunn v. Vinyard, 251 S.W. 1043 (Tex.Com.App.1923, holding approved). In the Annotation in 91 A.L.R., supra, at pp. 607 et seq., it is stated that the doctrine of election does not apply where the testator does not dispose of property not his own, and the question of whether a devisee or legatee in a will can accept some of the bequests and reject others is distinguishable from that of election, and that the principles governing such question are not analogous to the doctrine of election. The Texas decisions are not applicable to the situation presented in the case before us.

In those jurisdictions which permit a partial renunciation, a controlling determination is whether the gifts are separate and independent gifts, or one single aggregate gift. Where two or more separate and independent gifts are made by a will to a beneficiary he is, as a general rule, entitled to accept one or more and disclaim others, unless a contrary intention on the part of the testator appears from other provisions of the will. 57 Am.Jur. § 1568; 91 A.L.R. p. 608. Some courts appear to place great emphasis on the principle that a donee cannot disclaim the burdensome gift and accept the beneficial one. Perhaps the leading case upholding renunciation in part and acceptance in part is Brown v. Routzahn, 63 F.2d 914 (C.C.A. 6th–1933), certiorari denied 290 U.S. 641, 54 S.Ct. 60, 78 L.Ed. 557, where the Court said: "Where a testator makes two separate and distinct gifts, one beneficial and the other burdensome, the donee may undoubtedly accept the beneficial gift and reject the other, but, where there is a single gift, including burdensome and beneficial properties as an aggregate, then, unless a contrary intention appears from the will, the donee cannot disclaim the burdensome gift and accept the beneficial one. Page on Wills, § 1233. There is nothing in the record in this case to indicate that the gift of one-third of the property was burdensome nor in our view that that gift and the gift of the right to use the Cleveland residence was a single gift. The testator first gave to her husband a one-third interest in all of her property, including the Cleveland residence. After concluding this gift, she then gave him in another provision the right to use the Cleveland residence for life. The latter was a separate and distinct gift, and we can perceive in the reason for it, as stated by the testator, no purpose or intention to make its acceptance or enjoyment dependent upon an acceptance of the other gift."

It is our opinion that the judgment of the trial court was correct for the following reasons: (1) The two gifts, one a cash bequest, plus an interest in personal effects, and the other an income interest for life in a trust, are clearly separate, distinct and independent gifts. (2) Both gifts were beneficial to the intended recipient, and neither involved burdensome features. (3) The renunciation of the gift as to the money interest for life in the trust estate does not result in loss or hardship to any other devisees or legatees in such will. (4) There is nothing in the decedent's will which intimates that the decedent conditioned the acceptance of one gift upon the full acceptance of both gifts.

We hold that the renunciation by Ethel Lee Toombs and Marjorie Lee Kerr of their respective beneficial interests in the Ethel Lee Toombs trust and the Marjorie Lee Kerr trust was timely, valid, enforceable and legally binding. The judgment of the trial court is affirmed.

**408**

CADENA, Justice (concurring).

I agree that the judgment below should be affirmed. However, I would not, in this case, use language restricting the right of partial renunciation to cases where there are "separate" and "distinct" gifts, as distinguished from a "single aggregate gift." The right of partial renunciation should exist in all cases except where the testator indicates an intent that the beneficiary shall take all or none, or in cases where the exercise of the right would impose a burden on other recipients of the testator's estate. The distinction between "separate" and "distinct" gifts, on the one hand, and a "single aggregate gift," on the other, besides having all the earmarks of being slippery, can be productive of nothing other than judicial opinions replete with "nice" differentiations placing misdirected emphasis on the literary style of the draftsman rather than on the practical effect of the attempted renunciation.